No. 6230.

R. M. GANO ET AL. V. PALO PINTO COUNTY.

1. CASE FOLLOWED.—Palo Pinto County v. Gano, 60 Texas, 250.
2. COUNTY COMMISSIONERS COURT—CONTRACT.—It can not be permitted to a party suing upon a contract made with the county, entered upon the minutes of the commissioners court, to prove by parol an additional stipulation adding to or varying the effect of the minutes entry of the contract.
3. MISTAKE—PLEADINGS.—In order to reform an instrument for a mistake so as to embody in it additional terms and enforce it as reformed, it should be alleged and proved that the instrument does not express the terms of the contract as agreed upon, and that both parties were ignorant of the omission at the time it was executed.
4. MISTAKE IN ENTRY UPON MINUTES OF COUNTY COURT.—If the entry of the contract did not express the agreement the parties should have had the entry corrected by motion and before acting upon it.
5. CUSTOM—DUTY OF COUNTY COMMISSIONERS —It is the duty of the county commissioners court to select such agents as may be necessary to assist them in the discharge of their duties (such as sub-dividing and classifying for sale school lands belonging to the county), when such agents necessarily have to exercise judgment and discretion in the performance of the work assigned them. Such duty should not be delegated. A custom to do so would be unreasonable and should not be obligatory.
6. CUSTOM—PLEADING.—The existence of a custom among county courts to so delegate the work of sub-dividing, etc., their school land, such custom should have been pleaded.

APPEAL from Palo Pinto. Tried below before the Hon. T. L. Nugent.

The facts are given in the opinion.

*E. P. Nicholson* and *W. B. Gano*, for appellants: 1. The petition showed that the defendant, Palo Pinto County, had entered into a contract with Veal, Haynes & Caruthers, to survey, divide, classify and map the Palo Pinto county school lands, in order to make them available for the purposes for which they were intended. The county had the legal right and power to have this done. (Palo Pinto County v. R. M. Gano & Sons, 60 Texas, 251; Const. 1876, art. 7, sec. 6.)

2. The said petition showed that it was understood by and between the parties to said contract at the time the same was made, that the parties to whom the contract was let should not do the work themselves, but should have the right to, and should employ others to do the work; that through mistake in entering the order upon the minutes this was not expressly stated therein; that there was at the time, and had been for a long time prior thereto, a custom in the State for persons, employed under such an order to do such work, to employ others to do it, and that the circumstances under which this order was made showed that it did not involve a personal trust. The law in such cases permits the employment and even substitution of others. (Smith v. Sublett, 28 Texas, 170; Story on Agency, secs. 14, 15, 201, 387, 388; Palo Pinto County v. R. M. Gano & Sons, 60 Texas, 249.)

3. The petition showed that the commissioners court of Palo Pinto county from time to time assured the contractors that the work would be passed upon and settlement made therefor, but that the plaintiffs' demand for the fulfillment of the contract, and for the payment for the work was never refused until May 11, 1880. The plaintiffs had a reasonable time (which depends upon the circumstances of each individual case), and no statute of limitation could commence running until such refusal, since no right to sue accrued until then. (Rev. Stats., art. 677; Wood v. McMeans, 23 Texas, 485; Jones v. Lewis, 11 Texas, 359; Little v. Blunt, 9 Pick., 490; Codman v. Rogers, 10 Pick., 112; Baird v. Walker, 13 Barb., N. Y., 298; Angell's Limitation, 96.

4. The petition showed that the order of the court was in writing, that the work specified in said order was done within the time limited. The contract was therefore a written one, and the statute of two years limitation would have no application thereto, but if this were not the case the entire contract will, upon demurer, be presumed to be in writing. (Eccles v. Daniels, 16 Texas, 140, 141; Wood v. McMeans, 23 Texas, 484; Sublett v. McKinney, 19 Texas, 446.)

5. The petition showed that the work was done as designated in said order and at the special instance and request of the defendant; that it was done by the plaintiffs as the employes of the parties to whom the contract had been let and for the benefit of the defendant; that the employment of the plaintiff was authorized by the defendant, and that the reason-

able value of said services and work was two thousand dollars. Where the party has the power to have the work done but no power to make the payment agreed upon, the law compels payment of the reasonable value of services. (Palo Pinto County v. R. M. Gano & Sons, 60 Texas, 249; Faisin v. Fayette County, 44 Texas, 585; Merryfield v. Willson, 14 Texas, 225; San Francisco Gas Co. v. The City, 9 Cal., 453; Argenti v. San Francisco, 16 Cal., 255; State Board v. Citizens St. R. Co., 17 Am. Rep., 702; Rider v. Union, etc., Co., 5 Bosw., N. Y., 85; Bissell v. M. S. & N. I. R. Co., 22 N. Y., 258.)

*McCall & McCall,* for appellee: 1. The contract sued on was and is a pe-sonal trust, and could not be transferred. (Smith v. Sublett, 28 Texas, 170; Palo Pinto Co. v. Gano, 60 Texas, 250.)

2. There are no sufficient allegations of mistake, so as to show that this contract was not a personal trust. (Shirley v. Waco Tap, 45 Texas, 355; 2 Pomeroy's Eq., sec. 843, 862.)

3. The decision in 60 Texas, 250, is *res adjudicata;* therefore this case can not be reversed. (Phelan v. San Francisco, 20 Cal., 45; Wells's Res Adjudicata and Stare Decisis, p. 569, sec. 623, et seq.)

GAINES, ASSOCIATE JUSTICE. The appellants brought this suit in the court below. Upon a former trial they obtained a judgment, which was reversed on appeal upon the ground that the court erred in overruling the demurrer to the petition. (Palo Pinto Co. v. Gano & Sons, 60 Texas, 250.) After the cause was remanded to the district court the plaintiffs amended their petition. Upon the second trial a demurrer was sustained to the amended petition and the suit dismissed.

In the former opinion it was held that the contract made between the commissioners court of Palo Pinto county and Veal, Haynes & Caruthers, by which the latter were employed to subdivide, map and classify the school lands belonging to the county, and which is here sued upon, was an agreement for the performance of services involving a personal trust in the agents or contractors, and that, therefore, they could not perform the work through subcontractors so as to bind the county. The amended petition seeks, by additional allegations, to avoid the effect of that ruling. The additional averments, briefly stated, are that when the contract was entered into with the

commissioners court they knew that Veal, Haynes & Caruthers had no personal fitness to perform the work; that they expected to employ competent persons to do it, and that they were employed with that understanding, but that by inadvertence in entering the order upon the minutes of the court the clerk made a mistake and omitted so much of the agreement as authorized the contractors to employ substitutes. It is also alleged, "that it had long been the custom in the State of Texas, when similar contracts were made by counties to have their school lands surveyed, classified and mapped, for the party contracted with to employ competent parties to do the work, even where no express authority to do the work [was] given in the contract with the county."

The order of the court is sued upon as a written contract and a copy of it is annexed to the petition as the foundation of the action. The plaintiffs can not be permitted to prove simply that there was an understanding between the commissioners and the contractors that they should employ sub-contractors, because this would be to introduce oral evidence to vary a written contract. Are the allegations sufficient to admit of a correction of the writing on the ground of mistake? We think not. In order to reform an instrument for a mistake so as to embody in it additional terms and enforce it as reformed it must be alleged and proved that the instrument does not express the terms of the contract as agreed upon, and that both parties were ignorant of the omission at the time it was executed. It seems to us it was the duty of Veal, Haynes and Caruthers to look to the order as actually entered before beginning the discharge of the work, and if the contract, as set forth in the entry, was not in accordance with the terms of their offer to decline to proceed until it was properly corrected. The commissioners court is a court of record and speaks through its minutes and not by the mouths of the members of the body. The proper method to amend the minutes when they fail to speak the truth is by a motion made in that court and not by allegation and proof in another tribunal in which a litigation concerning its orders may arise. This court has held that the order of the directors of a corporation entered upon the minutes of their proceedings if intended as an agreement is itself a written contract. (Railway Company v. Gentry, Galveston term, 1888.) The order of a commissioners court may, in like manner, constitute a contract, but it does

not follow that the proper mode to reform it is not by a motion in the court where entered to correct the minutes so as to represent truly the order as actually passed by the body.

We are also of the opinion that the allegations of a custom among the commissioners courts of the several counties in the State are not sufficient to make such custom a part of the contract in this case. We think it the duty of these courts, to select themselves such agents as may be necessary to assist them in the discharge of their functions, when such agents have necessarily to exercise judgment and discretion in the performance of the work assigned them. The duty of making such selection should not be delegated. Such a custom would therefore be unreasonable, and upon that ground should not be held binding upon such of these courts as have not expressly authorized their agents to employ substitutes. But it is not alleged that the custom was known to the commissioners court of Palo Pinto county. If there could be a usage among these courts, such as might be presumed to constitute a part of a contract with one of them (which we seriously doubt), it would seem that such usage would not necessarily be known to every other court of the same character; and, that in order to bind another court, it should be alleged and proved, that the custom was known to it.

We conclude, that the court did not err in sustaining the demurrer to the petition and in dismissing the suit; and the judgment is therefore affirmed.

*Affirmed.*

Opinion delivered June 1, 1888.