# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS
**ATTORNEY GENERAL**


August 7, 1959     *Modifies D-1919*

Honorable H. H. Wellborn
County Attorney
Rusk County
Henderson, Texas

Dear Mr. Wellborn:

Opinion No. WW-683

Re: Questions relating to
the "Welfare and Pro-
bation Office" of
Rusk County.

In your brief of the case you have outlined the following:

"In 1935, the Commissioners Court of Rusk County, duly passed an order which was entered in the minutes, to this effect: 'The Court engages the services of _____ (naming the person) as Probation Officer for Rusk County; that said officers duties shall be that as enumerated in Art. 5142, of the R.C.S. 1925, and in addition that all relief or charity cases coming up for consideration to be handled through her office, that the appointment shall be for a term of 2 years, etc.'

"The party appointed at that time, did some work for the Sheriff and District Attorney's office, in the way of handling female prisoners. But at least 99% of the work of the office was looking after charity. Of late years, the 'Welfare Officers' have performed the charity provisions exclusively. Facts show the two welfare officers investigate cases of alleged needy persons and give 'orders' for groceries, medical and hospital attention, then present the bill to the County (Commissioners Court) who approve the bill, and pay them by drafts drawn on the County.

"Article 5139l, Revised Civil Statutes, creates a 'Juvenile Board' for Rusk and Harrison Counties and the Juvenile Officer has been authorized by the Court, and we are now in the process of employing one under the statute above set out.

"The Welfare bill of Rusk County last year was $63,000.00"

Your first question is:

"Does the 'Welfare and Probation Office' legally exist under the above facts?"

It is presumed that the Juvenile Officers appointed in 1935 were appointed under authority of the Acts of the 36th Legislature, Second Called Session, 1919, Chapter 51, page 130, codified as Article 5142 in Vernon's Civil Statutes. We would like to point out that this statute is a general law applying to all counties in general and was not limited to any specific county. The statute providing for a "juvenile board for Rusk and Harrison Counties" is set up in the Acts of 1955, 54th Legislature, Regular Session, Chapter 106, page 385, and codified as Article 5139j of Vernon's Civil Statutes. This is a special law covering the subject of juvenile boards and juvenile officers in Harrison and Rusk Counties.

In the case styled Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879 (1947), it is said:

" . . . The general rule is that when the law makes a general provision, apparently for all cases, and a special provision for a particular class, the general must yield to the special in so far as the particular class is concerned. Perez v. Perez, 59 Tex. 322. This rule is based upon the principal that all acts and parts thereof must stand, if possible, each occupying its proper place; and that the intention of the Legislature is more clearly reflected by a particular statute than by a general one. Accordingly, a specific act is properly regarded as an exception to, or qualification of, a general law on the same subject previously enacted . . ." See also Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063; Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282 (1948).

We would also point out that Section 4 of Article 5139j of Vernon's Civil Statutes, which is the special law setting up the Juvenile Board in Rusk County, provides:

> " . . . All laws and parts of laws in conflict herewith are repealed to the extent of such conflict."

From the holding in the case just cited above, and from the repealing section of this Statute, it would seem that the general provisions of Article 5142 of Vernon's Civil Statutes as to appointment of juvenile officers is repealed and superseded by the provisions of Article 5139j, which is a special law and gives jurisdiction to the County Juvenile Board of Rusk County.

We cannot find authority for the use of Juvenile Officers "to make investigations for charity in Rusk County." From an examination of Article 5142 of Vernon's Civil Statutes, it seems that the only counties where the extra duties of Juvenile Officers "shall be to make investigations for the Commissioners' Court on applications for charity" is in counties having a population of 150,000 or more. No such extra duties are specified for counties having a lesser population, such as Rusk County.

Therefore in answer to your first and third questions, you are advised that the Welfare and Probation Office will not legally exist and will be vacated by the provisions of Article 5139j when the Juvenile Board appoints new juvenile officers.

In answer to your other two questions, which read as follows:

> "2. Do the Welfare and Probations Officers (though doing nothing but welfare) have the power to purchase groceries, medicine and hospitilization for needy persons, whose needs, they alone determine, without prior authority to incur such indebtedness, from the Commissioners Court?"

> "4. May the Commissioners Court delegate their authority, to provide for paupers and indigent sick of the County, to the so called 'Welfare and Probation Officers' and will the County be obligated to pay such bills, such officers, to authorize these expenditures before consulting the Court?"

we point out the following:

Section 11 of Article 2351 of Vernon's Civil Statutes, provides:

"Each commissioners court shall:

" . . .

"11. Provide for the support of paupers and such idiots and lunatics as cannot be admitted into the lunatic asylum, residents of their county, who are unable to support themselves. . . ."

Section 18 of Article V of the Constitution of Texas reads in part:

" . . . The County Commissioners so chosen, with the County Judge presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." (Emphasis added.)

The general rule is that County Commissioners Courts have no power, except that specially conferred by the Constitution or statute. Hogg v. Campbell, 48 S.W.2d 515 (Civ.App. 1932); Howard v. Henderson County,116 S.W.2d 479 (Civ.App. 1938). However, where a duty is imposed or a power conferred by statute upon a commissioners court within the boundaries of power which the Constitution has created, then the commissioners court has implied authority to exercise broad discretion to accomplish purposes intended by such statute. El Paso County v. Elam, 106 S.W.2d 393 (Civ.App. 1937); Dodson v. Marshall, 118 S.W.2d 621 (Civ.App. 1938); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084.

The commissioners court is the general business and contracting agency of a county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute. Weir v. Anderson County 161 S.W. 2d 322 (Civ.App. 1942).

A contract between an individual and a county must be made through the agency of the commissioners court, or it

is not binding on either party. <u>Presidio County v. Clarke</u>, 85 S.W. 475 (Civ.App. 1905).

In the case of <u>Gano, et al. v. Palo Pinto County</u>, 71 Tex. 99, 8 S.W. 634, it is said:

> " . . . We think it the duty of these courts /Commissioners Courts/ to select themselves such agents as may be necessary to assist them in the discharge of their functions, when such agents have necessarily to exercise judgment and discretion in the performance of the work assigned them. The duty of making such selection should not be delegated. . . ."

The language of the above cited cases indicate that the commissioners courts can select agents to assist them in county functions and may employ such county welfare workers as in their discretion are necessary to accomplish the duties imposed on them by Section 11 of Article 2351, Vernon's Civil Statutes.

In order for funds to pay a welfare worker and funds for relief to be available for the purposes set out under Section 11 of Article 2351, Vernon's Civil Statutes, the Commissioners Court would have to so provide in its budget and designate such money for that purpose. The welfare worker could then contract for the expenditure of such welfare funds as directed by the Commissioners Court, but such contracts would be subject to the review and approval of the Commissioners Court before being payable by the County.

You have referred to that portion of Attorney General's Opinion O-1919 (1940) which holds that "the Commissioners' Court is not authorized to employ a county welfare worker". That portion of that opinion is modified so far as it conflicts with the holding of this opinion so as to conform to the holding of this opinion.

## SUMMARY

The Acts of the 54th Legislature, 1955, chapter 106, page 385, codified as Article 5139j, Vernon's Civil Statutes, supersedes the Acts of the 36th Legislature, Second Called Session, 1919, page 130, codified as Article 5142 of Vernon's Civil Statutes, and future Juvenile

Officers shall be appointed and dismissed by the County Juvenile Board of Rusk County; and the Commissioners' Court no longer has the power to appoint or maintain Juvenile Officers appointed under the provisions of Article 5142, Vernon's Civil Statutes.

The Commissioners Court may delegate their authority to provide for paupers and indigent sick of the county to welfare workers, whose powers shall be to investigate and determine who are paupers and indigent sick persons and to contract for expenditure of budgeted funds for the relief of those persons who are qualified to receive them under Section 11 of Article 2351, Vernon's Civil Statutes, but all contracts so made are subject to the review and approval of the Commissioners Court before becoming payable by the County.

Yours very truly,

WILL WILSON
Attorney General of Texas

GCR:zt:mfh

By George C. Reed

George C. Reed.
Assistant

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Grundy Williams
Dean Davis
Paul W. Floyd, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore