**Winfred OWEN, Appellant,**

v.

**Jack TALBOT, Appellee.**

No. 7945.

Court of Civil Appeals of Texas.

Texarkana.

April 29, 1969.

Rehearing Denied May 21, 1969.

B. A. Britt, Jr., Harkness, Friedman & Kusin, Texarkana, for appellant.

Sidney Lee, Raffaelli, Lee & Hawkins, Texarkana, for appellee.

CHADICK, Chief Justice.

Jack Talbot sued Winfred Owen for pasture rent. Owner answered with a general denial and filed a cross-action alleging that under the terms of the pasturage contract between them Talbot was liable to Owen for $6,615.00. In conformity with the jury's answer to special issues the trial court entered judgment that Talbot recover from Owen a total of $2,901.95, with interest, costs, etc., and that Owen take nothing by his cross-action.

The parties agree that they entered into a pasturage contract, their dispute developed into a lawsuit when Owen refused to pay a balance Talbot claimed to be due. Owen asserts that 6 cows and 45 calves placed in Talbot's pasture were missing from the Owen herd at the end of the pasturage period, and that the pasturage contract made Talbot liable for the value of the missing stock. Special issues No. 1 through No. 8 presented Owen's defense to Talbot's pasture rent claim, as well as the theory of recovery underlying his cross-action to recover the value of missing livestock. The jury found in answer to special issues No. 2 and No. 4 that none of Owen's cattle were missing at the time he reclaimed possession of them. Owen's motion for new trial does not assign as error the jury's verdict on these two issues, and no points of error relative to these findings are briefed. However, appellant has briefed the following points of error, to-wit:

"Point No. One. The Court erred in sustaining the Appellee's objection to the introduction of testimony as to custom and usage with respect to the pasturing of cattle.

"Point No. Two. The finding of the jury in response to Special Issue No. 7 is contrary to the evidence, in that the evidence showed that the Plaintiff did agree to become the bailee of the cattle

in question on or about November 2, 1965."

■ The language and allegation of paragraph 4 of Owen's cross-action is as follows, to-wit:

"Cross-Plaintiff would further show that the Cross-Defendant was bailee for hire in the agreement between Cross-Plaintiff and Cross-Defendant, and as such, the Cross-Defendant agreed to keep the Cross-Plaintiff's cattle safely; that the custom and usage in the cattle business is that the bailee is liable for losses unless the carcass of the animal, or a brand from the carcass of the animal, is shown; the Cross-Defendant herein has not produced either the carcasses or the brands from the carcasses of the 51 missing head of cattle for the cross-plaintiff, and therefore, the Cross-Plaintiff has been damaged in the total sum of $6,615.00 for the 51 missing head of cattle."

When Owen tendered evidence of the custom and usage alleged in his cross-action the trial judge excluded it on the grounds that the pleadings did not allege such custom and usage was known to Talbot or "was of such widespread knowledge that the plaintiff would have knowledge of it". Evidence of custom or usage is not admissible to create a contractual obligation, or add an integral provision to a definite contract as is undertaken here, in the absence of pleadings alleging the party to be charged had actual or constructive knowledge of the custom or usage. Gano v. County of Palo Pinto, 71 Tex. 99, 8 S.W. 634, 1888; Brady v. Richey and Casey, 187 S.W. 508 (Tex.Civ.App., San Antonio, 1916, no writ); see also Hull-Tex Oil Ass'n v. Pipes, 240 S.W. 994, (Tex.Civ.App. Amarillo, 1922, no writ); and Thannisch Chevrolet Co., Inc., v. Kline, 134 S.W.2d 433, (Tex.Civ.App. Fort Worth, 1939, writ ref'd); 151 A.L.R.Anno.-Pleading Custom or Usage § IIe, 353.

■ To escape application of the general rule just stated, Owen tendered proof that knowledge of the custom and usage alleged was "common among the cattle people in Bowie County", and that Talbot had been in the cattle business approximately twenty years, and invoked as an exception to the general rule the legal proposition that "where both parties to a contract are engaged in the same trade they will be presumed to have knowledge of its usages and it is not necessary in such a case to prove actual knowledge, nor to show that the usage is so general that knowledge may be presumed." In Orient Mutual Insurance Co. v. Reymershoffer's Sons, 56 Tex. 234, 1882, it is said:

"If a course of business is so constant and general that all persons engaged therein cannot, with a due regard to their own interests, be ignorant of it, they are presumed to have knowledge of it, and it may then be looked to for the purpose of determining the intention of the parties when contracting within the line of such business. A course of business which brings such knowledge is within the meaning of the law, certain, uniform and general, for those elements of usage are only required to authorize from the common experience of men the presumption that the party pursuing the given pursuit has knowledge of the usual course of business. Notoriety of a course of business is the true inquiry, and this is presumed if it be established and general. Lawson on Usage, pp. 40, 41, 45, 53. * * *"

The conclusory evidence tendered by Owen does not show the custom and usage he espouses was as notorious among cattlemen and landowners as the quoted authority requires. The proof more nearly corresponds with that in Gano v. County of Palo Pinto, supra. Owen's testimony, as well as that of other witnesses, tends to show it to be the custom to negotiate the specific terms of each pasturage contract. However, for reasons next discussed, ex-

clusion of the evidence, should it be deemed admissible, was harmless.

As previously mentioned, unchallenged stands the jury's verdict on the issues finding that no cattle were missing. The component elements of Owen's affirmative cause of action (cross-action) were (1) a right afforded by reason of a pasturage contract, (2) the breach thereof, and (3) damages. 1 Tex.Jur.2d, Actions § 13 (1959). The burden establishing each component by sufficient proof was on Owen. 3 Texas Civil Practice, Jury Trial: Change, § 12.06 (1950). The excluded evidence was relevant to but one component, the provisions of the pasturage contract; such evidence did not tend to prove a breach of the contract occasioned by a shortage in the number of cattle returned, nor of damage caused by such alleged breach. Consequently, the excluded evidence could not have influenced or affected the jury in its finding on the breach issues in the case. The unchallenged findings defeated any right Owen had to recover damages from Talbot, regardless of whether or not the alleged custom or usage was incorporated into the pasturage agreement. Stepp v. Texas & P. Ry. Co., 20 S. W.2d 324 (Tex.Civ.App. Beaumont 1929, no writ); Jones v. State Fair of Texas, 127 S.W.2d 948 (Tex.Civ.App. Amarillo 1939, writ dism'd jdgmt cor); Gulf C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296 (Comm.App. op. adopted 1926). In other words, had the evidence been admitted and the jury found the alleged custom and usage was a part of the contract, the verdict on the remaining issues would have required rendition of a judgment identical with the one that was actually entered. The same result is reached for many of the same reasons when Owen's theory of defense is considered.

With respect to point of error No. 2, it is apparent that the jury's verdict on the issue is immaterial. Had the jury found that Talbot became the bailee of the cattle the self-same judgment would have been in order that was in fact rendered. As bailee of the cattle, Talbot would not have been liable to Owen under any theory of the case if none were missing.

Appellant's points of error are respectfully overruled and the judgment of the trial court is affirmed.