

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 8, 1970

Honorable Henry Wade
District Attorney
Dallas County Government Center
Dallas, Texas 75202

Opinion No. M-689

Re: Does the Commissioners
Court of Dallas have the
authority, jointly with a
Home Rule City, to either
act as a Community Action
Agency under the Economic
Opportunity Act of 1964
(42 U.S.C. 2781 et seq.)
or to designate another
group to serve as a Com-
munity Action Agency.

Dear Mr. Wade:

You have requested our opinion on two questions, as follows:

"(1) Does the Commissioners Court have the authority to act as Community Action Agency on a joint basis with a City Government existing under the Home Rule Charter?

"(2) Could the Commissioners Court jointly with a city operating under a Home Rule Charter, designate another group to serve as the Community Action Agency under existing laws and Constitution that governs the Commissioners Court?"

We consider and answer your first question in the affirmative.

Our opinion is that a county and a home rule city may work together as a community action agency under either of two modes of collaboration: a) a simple contractual joint endeavor, or b) as a Regional Planning Commission or Council of Governments organized and operating under Article 1011m, Vernon's Civil Statutes.

* All references in this Opinion to Articles are to Articles of Vernon's Civil Statutes unless otherwise indicated.

-3315-

This office recently held in Attorney General's Opinion Number M-264 (1968) that a Commissioners Court, acting alone, did not have the power either to act as the community action agency by itself, or to designate another entity to act as such for it.

A community action agency is defined in Title 42, U.S. Code Annotated, Section 2790 (a) as follows:

"A community action agency shall be a State or political subdivision of a State (having elected or duly appointed governing officials), or a combination of such political subdivisions, or a public or private nonprofit agency or organization which has been designated by a State or such a political subdivision or combination of such subdivisions, which--

(1) has the power and authority and will perform the functions set forth in Section 2795 of this title, including the power to enter into contracts with public and private nonprofit agencies and organizations to assist in fulfilling the purposes of this subchapter, and

(2) is determined to be capable of planning, conducting, administering and evaluating a community action program and is currently designated as a community action agency by the Director."

Sub-section (b) of said Section 2790, in its relevant part, reads:

"(b)  Components of a community action program may be administered by the community action agency, where consistent with sound and efficient management and applicable law, or by other agencies.  ..."

Sub-section (c) of said Section 2790, in its relevant part, reads:

"(c)   For the purpose of this subchapter, a
community may be a city, county, multicity, or
multicounty unit...or a neighborhood or other area
(irrespective of boundaries or political subdivisions)
which provides a suitable organizational base and
possesses the commonality of interest needed for a
community action program.  ..."

Sub-section (a) of Section 2791 of said Title 42 reads,
in part:

"(a)   Each community action agency which is...
a combination of political subdivisions shall ad-
minister its program through a community action
board..."

and the requirements of this board are stated in the immediately
following sub-section (b) of this Section 2791.

The Bulletin on Organizing Communities for Action under
the 1967 Amendments to the Economic Opportunity Act, published
by the Office of Economic Opportunity (February 1968), at page 4
states the overall purpose of community action agencies as being

"...established at the local or state level
to provide a focal point for anti-poverty efforts
within a community or communities.  ..."

The Bulletin then lists a number of goals and required activities
of such agencies.

While some of these activities are beyond the statutory
powers of county commissioners courts , (Attorney General's
Opinion No. M-264 (1968).), nevertheless, some of these activities
are within the clear powers of commissioners courts.  See Attorney
General's Opinion Number M-605 (1970), and Articles 2351, 4436a-1,
and 4447a, and other statutes cited in that Opinion.  On the other
hand, as to the plenary powers of home rule cities,

"... a home rule city may exercise any power not denied it by the constitution or the general statutes, so long as the power is incorporated in the city charter. ..." 39 Tex.Jur.2d 642, Municipal Corporations, Sec. 312.

We are aware that Article 695c, Section 6-A(a), designates the State Department of Public Welfare as the State Agency

"... to cooperate with the Federal Government in the administration of the provisions of Title V of the 'Economic Opportunity Act of 1964' and of the provisions of such other applicable titles of the 'Economic Opportunity Act of 1964' as are now provided or as may be added thereto from time to time in the event no other State Agency is by law designated to cooperate with the Federal Government in the administration of the provisions of such title or titles as may be added to said Act, ...".

Our opinion is that this provision contemplates that local governments or organizations should administer Title II of the Economic Opportunity Act of 1964, which provides for community action agencies, and that the State Department of Public Welfare should render to them such cooperation and assistance as they might need.

We interpret your first question to ask whether a Commissioners Court might collaborate with a city in the manner and to the extent that their _joint_ endeavors would carry out _all_ the activities and meet _all_ the goals required of a community action agency. Commissioners Courts are authorized to carry out _some_ of the activities required of community action agencies; these courts are not authorized to carry out some of the _other_ activities required of such agencies. Attorney General's Opinion M-264, supra.

Our opinion is that a county, acting by its Commissioners Court, may collaborate under a joint sponsorship with a city to carry out the activities required by the Office of Economic Opportunity of a community action agency, where the county's undertakings and obligations do not go further than to exercise those powers conferred upon it under the law. Otherwise stated, the county may perform those activities which the law authorizes it to perform, and the city might perform all other activities required of a community action agency which the county may not and does not perform. This joint undertaking would seem to qualify the two participants, the county and city, as a community action agency as that term is defined in Title 42, U. S. Code Annotated, Section 2790(a) supra, except for designation by the Director.

Under Article 1011m any county and any incorporated city, town or village may voluntarily join themselves together as a Regional Planning Commission or Council of Governments (Art. 1011m, Sec. 1 and 3) for any or all of the multiple and varied purposes authorized in that Article. The joint agreement between the political entities comprising the Commission or Council,

"... may provide for the manner of cooperation and the means and methods of the operation of the Commission. ..." (Sec. 5).

Section 4 of this Article provides, in parts, as follows:

"Under this Act, a Regional Planning Commission shall be a political subdivision of this state, ..." Attorney General's Opinion No. M-149 (1967).

"The Commission may contract with one or more of its member governments to perform any service which that government could, by contract, have any private organization without governmental powers perform..."

In Section 3 is provided,

> "... <u>But nothing in the Act shall be con-</u>
> <u>strued to limit the powers of the participating</u>
> <u>governmental units as provided by existing law.</u>
> The participating governmental units, by appro-
> priate mutual agreement, may establish a Regional
> Planning Commission for a region designated in such
> agreement, provided that such region shall consist
> of territory under their respective jurisdictions,
> including extraterritorial jurisdiction, if any,
> but need not include all of the territory of the
> governmental units participating."  (Emphasis added.)

In Section 1 E is stated,

> "'Comprehensive Development Planning Process'
> means the process of (1) assessing the needs and
> resources of an area; (2) <u>formulating</u> goals, ob-
> jectives, policies and standards <u>to guide</u> its long-
> range physical, economic, and <u>human resource de-</u>
> <u>velopment;</u> and (3) preparing plans and programs
> therefor... ."  (Emphasis added.)

Section 2, in its relevant part, reads:

> "The purpose of this Act is to encourage and
> permit local units of government to join and cooperate
> with one another <u>to improve the health, safety and</u>
> <u>general welfare</u> of their citizens; ... that communities,
> areas, and regions grow with adequate street, utility,
> <u>health</u>, educational, recreational, <u>and other essential</u>
> <u>facilities;</u> ...".  (Emphasis added.)

Section 6(a) of this Article 1011m reads:

> "A Regional Planning Commission is authorized
> to apply for, contract for, receive and expend for
> its purposes any funds or grants from any participating
> governmental unit or from the State of Texas, federal
> government, or any other source."  Attorney General's
> Opinion No. M-518 (1969).

The provisions of Article 1011m should be liberally construed pursuant to the rule stated in Board of Ins. Com'rs. v. Great Southern Life Ins. Co., 150 Tex. 258,239 S.W.2d 803, 809 (1951), as follows:

> "... A law introducing a new regulation for the advancement of the public welfare or conducive to the public good is a remedial statute and should be liberally construed to effect its purpose. 50 Amer.Jur., p. 420, sec. 395; 59 C.J., p. 1107, sec. 657. ..."

Accord: 82 C.J.S. 916, Statutes, Sec. 387, note 49, and 70 C.J.S. 12, Paupers, Sec. 3-4.

Our opinion is that the Legislature, by this Article 1011m, materially enlarged the powers and the scope of the powers conferred upon Commissioners Courts in the respects covered by the Article, but within the limitation imposed by Article V, Section 18 of our Constitution which provides that such courts,

> "... shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." (Emphasis added.)

In construing this provision of the Constitution our Supreme Court has said:

> "... Where a right is conferred or obligation imposed on said court, it has implied authority to exercise a broad discretion to accomplish the purposes intended. ..." Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084,1085 (1941). (Emphasis added.)

Accord: Dodson v. Marshall, 118 S.W.2d 621,623 (Tex.Civ.App. 1938, error dism.). The term "county business" used in this provision of the Constitution should be given,

"...a broad and liberal construction so as not to defeat the real purpose that was intended to be accomplished..." Glenn v. Dallas County Bois D'Arc Island Levee Dist., 282 S.W. 339, 344 (Tex.Civ.App. 1926, on motion for reh., rev. on other grounds, 288 S.W. 165, Tex.Comm.App. 1926).

The courts have so held: Harris County Flood Control Dist. v. Mann, 135 Tex. 239, 140 S.W.2d 1098 (1940); Morton v. Thomson, 15 S.W.2d 1067, (Tex.Civ.App. 1929, no writ).

The broad powers of the Legislature to delegate its legislative authority concerning matters of local interest in support of local self-government are given broad discussion and application in Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070, 1079-1082 (1927).

In answer to your second question, and in the absence of a stipulation of the powers conferred under Article 1011m, it is our opinion that the Commissioners' Court can designate another agency to act as the Community Action Agency but only to the extent that the functions of the agency, as they pertain to the Commissioner's Court, are limited to those functions allowed to be performed by the Court by the statutes and Constitution of Texas. It is, however, well settled that the Commissioner's Court is given broad discretion to accomplish the power granted to them. Rowan v. Pickett, 237 S.W.2d 734, (Tex.Civ.App. 1951, no writ) Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084; Dodson v. Marshall, 118 S.W.2d 621 (Tex.Civ.App. 1938 err.dism.), and that it is the duty of the Commissioner's Court to promote the general welfare of the whole of the county. Stovall v. Shivers, 129 Tex. 256, 103 S.W.2d 363 (1937).

Attorney General's Opinion Number M-605 (1970) as well as authorities cited therein, express the legal concept that our law is a changing thing that must grow and adjust to current conditions. Associated Indemnity Corp. v. Oil Well Drilling Co., 258 S.W.2d 523,529 (Tex.Civ.App. 1953, affirmed, Tex.Sup. 264 S.W.2d 697 (1954). By virtue of its duties and responsibilities,

the Commissioner's Court has the implied power to designate an agent or agency to act as the Community Action Agency, provided that such agent or agency does not usurp the non-delegable duties of the Commissioner's Court in exercising judgment and discretion and deciding overall policies and plans and confines its activities to the carrying out of these decisions and exercising only ministerial functions. Hill v. Sterrett, 252 S.W.2d 766 (Tex.Civ.App. 1952, error ref. n.r.e.) at page 770; Gano v. Palo Pinto County, 71 Tex. 99, 8 S.W. 634 (1888); Pritchard & Abbott v. McKenna, 162 Tex. 617, 350 S.W.2d 333 (1961). It is generally held that a county board considered as a governmental agency has implied power to employ agents and servants. 20 C.J.S. 896, Counties, Section 101(1), page 1014, section 180. 15 Tex.Jur.2d 321, Counties, Section 94, and cases there cited.

## SUMMARY

The Commissioner's Court has the authority to act on a joint basis with a home-rule city in the establishment of a community action agency, and in this connection, the Commissioner's Court may designate another agent or agency to serve as the Community Action Agency on this joint basis with the city; so long as the non-delegable duties of the Commissioner's Court regarding decision making and exercise of judgment and discretion are not permitted to be usurped by such agency, but limited only to the exercise of ministerial functions.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gilbert Pena
Ralph Rash
Lehman Marks
E. L. Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant