

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 31, 1970

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-678

Re: May Harris County create
the position of executive
assistant to the four County
Commissioners under the
stated fact situation and
related questions.

Dear Mr. Resweber:

Your recent request for an opinion asks for an
answer to questions as follows:

"1. Is the Commissioners Court authorized
to create the position of executive assistant to
the four (4) County Commissioners (and provide
for a salary of $14,400.00 per year and an auto-
mobile and other equipment for such position) at
this time without such position having been pre-
viously approved and established in the 1970
County Budget?

"2. Could such action legally be taken by
the Commissioners Court without the matter having
been specifically included in the written notice
of the meeting at which such action was taken?

"3. Can Harris County legally expend funds
for the payment of the salary and automobile
(and equipment) provided for as indicated in "1"
and "2" above?"

In answer to your first question, it is our opinion
that the Commissioners Court is authorized to hire an "execu-
tive assistant" and provide for his indicated equipment for
the purpose of performing administrative and executive func-
tions and duties as an employee. So long as the discretionary

-3239-

and policy making functions of the commissioners are not delegated to the employees, no legal inhibition is involved.

In 15 Tex.Jur.2d 277, Counties, Section 48, it is stated:

"In the absence of an enabling statute the powers of a commissioners' court that involve exercise of judgment and discretion cannot be delegated. . . ."

This office has previously held, in Opinion O-1175, (1939) that there is no authority for the office of "representative" of the commissioners court; however, where the Dallas County Commissioners Court hired an engineering firm to assist the county road engineer, an employee, the court said:

". . . It is further well settled that the Commissioners' Court may employ persons to assist even an officer in the performance of statutory duties; . . . or to perform services which do not involve the exercise of any governmental function; . . ." Hill v. Sterrett, 252 S.W.2d 766 (Tex.Civ.App. 1952, Ref. N.R.E.) citing Terrell v. Greene, 88 Tex. 539, 31 S.W. 631 and Stringer v. Franklin County, 123 S.W. 1168 (Tex.Civ.App. 1909, no writ.).

The general rule is that counties have implied authority to employ agents and servants. 20 C.J.S. 896, Counties, Section 101(1); p. 1014, Sect. 180.

In Gano v. Palo Pinto County, 71 Tex. 99, 8 S.W. 634, 636 (1888), the Supreme Court of Texas recognized that it is the duty of the Commissioners Court ". . . to select themselves such agents as may be necessary to assist them in the discharge of their functions. . . ."

Again, in Pritchard & Abbott v. McKenna, 162 Tex. 617, 350 S.W.2d 333 (1961), the Supreme Court was faced with the question of whether the Commissioners Court had the implied authority to contract for certain services. Noting the constitutional and statutory duties and functions of the Commissioners Court, the Court made the following holding:

"Admittedly the Commissioners Court is not
expressly clothed with constitutional or statutory
authority to contract for the services detailed in
this agreement, but we think that authority is im-
plied from the powers that have been expressly
granted to and the duties imposed upon this body
by law."   (at p. 334).

In view of the foregoing, we must hold that the Harris
County Commissioners' Court has the implied power to hire an
"executive assistant" employee to assist the commissioners in
the discharge of their functions and duties.  However, this
position is not an office and the holder thereof may not in any
measure usurp the functions and duties of the members of the
Commissioners' Court as public officers.  It necessarily follows
that the commissioners court also has the authority to pay the
employee a salary and provide him with the equipment reasonably
necessary to perform the functions for which the employee or
assistant was hired.  This would include an automobile, pro-
vided it was deemed necessary to accomplish the task of the
position.

Answering your next question, we note that budgets
for counties over 225,000 population are controlled by Article
1666a, Vernon's Civil Statutes, which reads, in part, as follows:

". . . Upon final approval of the budget
by the Commissioners Court, a copy of such budget
as approved shall be filed with the County Auditor,
the Clerk of the Court, and the State Auditor, and
no expenditures of the funds of the county shall
thereafter be made except in strict compliance with
said budget.  . . ."

This article further allows for the transfer of sur-
plus budgeted funds, during a year, to another fund, as long
as the total budget is not increased.

Article 1666a further provides in part that:

". . . The amount set aside in any budget
for any purchase order or requisition, contract,
special purpose, or salary and labor account shall

not be available for allocation <u>for any other purpose unless an unexpended balance remains in the account after full discharge of the obligation or unless the requisition, contract, or allocation has been cancelled in writing by the Commissioners Court or county officer for a valid reason.</u>"

In answer to your budget question, we have concluded that the salary for the new assistant can be provided for if the provisions for re-allocation of budgeted funds, emphasized above, are strictly complied with, and the total budget is not increased. Your second question is thus answered in the affirmative.

Your second question raises the question of whether specific notice to the public is required in the above matters. Routine matters of business, such as the hiring of an employee, may be considered even though not mentioned in the notice of meeting required by Article 6252-17, Vernon's Civil Statutes, as amended by Senate Bill 26, Chapter 227, 61st Legislature. The statute expressly excepts from its application those deliberations wherein consideration is given to the appointment or employment of an employee. If such could be accomplished in a "closed meeting" it would not appear that the same would necessarily have to be included in the notice to the public, which may be excluded from that type of proceeding.

Our answer to your first question includes the answer to your third question.

## S U M M A R Y

The Commissioners Court is authorized to hire an "executive assistant" to the four commissioners, with proper limitations of power, and to provide such employee with various items of equipment and an automobile necessary for the performance of his duties. The expense of the position, including salary, may be met by re-allocation of budgeted funds if the methods for

re-allocation set out in Article 1666a, Vernon's Civil Statutes, are strictly adhered to.  It is not necessary to post notice of the hiring of an employee prior to commissioners court meeting.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
Bob Flowers
John Banks
Roland Allen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant