**TARRANT COUNTY et al., Appellants,**

v.

**Carlos ROBERTS et al., Appellees.**

**No. I.**

Court of Civil Appeals of Texas.

Tyler.

Jan. 9, 1964.

Rehearing Denied Jan. 30, 1964.

Doug Crouch, Dist. Atty., Fred Fick, Asst. Dist. Atty., Fort Worth, for appellants.

Martin & Tackett, Elvin E. Tackett, Fort Worth, for appellees.

DUNAGAN, Chief Justice.

Appellees, five employees or appointive officers of Tarrant County, filed a class suit in behalf of themselves and all employees and appointive officers of the county, praying in effect, for a declaratory judgment requiring and obligating the county of Tarrant to establish and put into effect a retirement, disability and death compensation fund in accordance with the provisions of Article 16, Sec. 62, para. (b) of the Constitution of Texas, Vernon's Ann.St. Upon the trial before the court without the intervention of a jury, the trial court rendered judgment for appellees (plaintiffs in the court below) requiring and obligating appellants to establish and put into effect such retirement, disability and death compensation fund. The appellants have brought forward two assignments of error.

ASSIGNMENT NO. 1

The trial court erred in rendering judgment for appellees since everything required by law to create an obligation on the part of Tarrant County and its Commissioners

Court to put "into effect such retirement, disability and death compensation fund for its appointive officers and employees has not been done."

## ASSIGNMENT NO. 2

The trial court erred in rendering judgment for appellees since the County Commissioners of Tarrant County are not under any obligation to put such a plan into effect.

The trial court's finding of facts as set out in its judgment is as follows: .

"1. The Commissioners Court of Tarrant County, by order in 1951, duly and timely called for an election in Tarrant County on the proposition of providing for and administering a Retirement, Disability and Death Compensation Fund for its appointive officers and employees.

"2. Such election was advertised by being published in at least one newspaper of general circulation in Tarrant County once each week for at least four weeks.

"3. The voters of Tarrant County, in November 1951, by majority vote, authorized Tarrant County to provide for and administer a Retirement, Disability, and Death Compensation Fund for the appointive officers and employees of Tarrant County.

"4. The County Commissioners of Tarrant County duly canvassed such election returns on November 15, 1951, and by order of said date declared said proposition to have carried by a majority vote and further declared such proposition to be in full force and effect.

"5. Said order of November 15, 1951, by the Commissioners Court of Tarrant County has never been rescinded revoked, canceled, or amended.

"6. The term of court at which said order was entered has passed.

"7. Said order and said proposition have never been carried out or put into effect by the Commissioners Court of Tarrant County.

"8. A majority of the members of the Commissioners Court of Tarrant County have taken and do now take the position that the putting into effect of such a plan is merely discretionary with them and that the Commissioners Court is not under any obligation to put such a plan into effect. * * *"

The trial court also found that "The Commissioners of Tarrant County are under a legal duty to put such a plan into effect."

This lawsuit is based upon Article 16, Section 62, para. (b) of the Constitution of the State of Texas which reads as follows:

"(b) Each county shall have the *right* to provide for and administer a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the county; provided same is *authorized* by a majority vote of the qualified voters of such county and after such election has been advertised by being published in at least one newspaper of general circulation in said county once each week for four consecutive weeks; provided that the amount contributed by the county to such Fund shall equal the amount paid for the same purpose from the income of each such person, and shall not exceed at any time five per centum (5%) of the compensation paid to each such person by the county, and shall in no one year exceed the sum of One Hundred and Eighty Dollars ($180) for any such person." (Emphasis supplied)

The voters of Tarrant County in November, 1951, by a majority vote, authorized Tarrant County to provide for and administer a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of Tarrant County. The

official ballot in said election concerning the question before the court is as follows:

"Shall Tarrant County have the right to provide for and administer a retirement, disability and death compensation fund for the appointive officers and employees of the County; the amount contributed by the County to such fund to be equal to the amount paid for the same purpose from the income of each such person and shall not exceed at any time five (5%) per cent of the compensation paid to each such person by the County and shall in no year exceed the sum of one hundred eighty ($180.00) dollars to be paid by each such person?

"FOR Authorizing Tarrant County to provide for and administer a retirement, disability and death compensation fund for the appointive officers and employees of Tarrant County.

"AGAINST Authorizing Tarrant County to provide for and administer a retirement, disability and death compensation fund for the appointive officers and employees of Tarrant County."

The Minutes of the Commissioner's Court, regular term, November, A.D., 1951, in regular meeting the 15th day of November, A.D., 1951, met, canvassed the election returns and the results thereof declared. The first paragraph of said order reads:

"On this the 15th day of November, 1951, came on for consideration by the Court, the matter of canvassing the election returns of the election held on November 13th, 1951, upon five proposed Constitutional Amendments to the Constitution of the State of Texas, and upon two propositions affecting Tarrant County alone. And it appearing to the Court that the notices required by law were duly given, and that the election appeared to have been held in conformity with law, the Court pro-

ceeded to canvass the election returns and to announce the results as follows:"

The order further reads:

"On the proposition of giving Tarrant County the right to provide for and administer a retirement, disability and death compensation fund for the appointive officers and employees of the County, the amount contributed by the County to such fund to be equal to the amount paid for the same purpose from the income of each such person and shall not exceed at any time five (5%) per cent of the compensation paid to each such person by the county shall in no year exceed the sume of One Hundred Eighty ($180.00) Dollars to be paid by such person. 4,065 votes for, and 3,843 votes against.

"On motion of Commissioner Hovenkamp, seconded by Commissioner Henderson, said results were canvassed, and based upon such votes it is hereby declared by the Commissioners Court of Tarrant County that said propositions above set out affecting Tarrant County alone, are declared to have carried by a majority vote and such propositions are declared to be in full force and effect. Said motion carried and it is so ordered."

It is without dispute in the record or briefs of either party that the election on the proposition providing for and administering a retirement, disability and death compensation fund for the appointive officers and employees of Tarrant County has been duly and timely called for, that such election was advertised as required by Statute; that the voters of Tarrant County November, 1951, by a majority vote authorized Tarrant County to provide for and administer such plan; that the County Commissioners of Tarrant County canvassed such election returns on November 15, 1951, and by order of said date declared said proposition to have carried by majority vote and such proposition was declared to be in full force and effect; that said order

has never been rescinded; that the term of court which said order was entered has passed.

The appellees contend that due to the portion of the order declaring said proposition to have carried by a majority vote and to be in full force and effect; that everything necessary to have been done to put such a plan into effect has been done with the exception that the County Commissioners of Tarrant County have never put such plan into effect and by virtue of this portion of the order it becomes a legal duty of said Commissioner's Court of Tarrant County to put such plan into effect.

It is the contention of appellants that under these facts the governing body of Tarrant County (Commissioner's Court) has never established a retirement, disability and death compensation fund for the appointive officers and employees of said County; it had never become legally obligated to do so nor can appellants be now obliged or required to do so. The language of the Constitution "Each county shall have the *right* to provide for and administer a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the county; provided same is *authorized* by a majority vote of the qualified voters of such county * * *." (Art. XVI, Sec. 62 (b) Texas Constitution) (Emphasis supplied) clearly grants the right to the governing body of any county to establish such a system but only after the use of such right is authorized by the people. " 'The grant of a right,' said the Supreme Court of Massachusetts, 'is, by reasonable construction, a grant of power to do all the acts reasonably necessary to its enjoyment.' " Memphis State Line R. Co. v. Forest Hill Cemetery Co., 116 Tenn. 400, 94 S.W. 69.

■ This case must stand or fall upon the legal effect to be given to the order of the Commissioner's Court on November 15, 1951. Mr. Bryan Henderson, who was one of the County Commissioners on November 15, 1951, at the time the order in question was adopted, and who was at the time of this lawsuit a member of the Commission-

er's Court of Tarrant County, testified that it was not the intention of the court in entering such order to put into effect the pension plan. We cannot look to the testimony of Commissioner Henderson, because where an order has been entered parole evidence is not admissible to prove the intention of the court in adopting the order. 15 T.J. (2d) 271, Sec. 43; Colonial Trust Co. v. Hill County, Tex.Com.App., 27 S.W.2d 144; King v. Marion County, Tex.Civ.App., 202 S.W. 1052.

■ Let us examine the order of November 15, 1951, to determine if such order created any obligation upon the county. The order itself bears the caption "Election Returns Canvassed and Results Declared". It declares the results of the election on five proposed Constitutional Amendments and two county-wide propositions, second county proposition being the proposition herein involved in this lawsuit, and as to the latter recites:

"On the proposition of giving Tarrant County the right to provide for and administer a retirement, disability and death compensation fund for the appointive officers and employees of the County, the amount contributed by the County to such fund to be equal to the amount paid for the same purpose from the income of each such person and shall not exceed at any time five (5%) per cent of the compensation paid to each such person by the county shall in no year exceed the sum*e* of One Hundred Eighty ($180.00) Dollars to be paid by such person. 4,065 votes for, and 3,843 votes against.

"On motion of Commissioner Hovenkamp, seconded by Commissioner Henderson, said results were canvassed, and based upon such votes it is hereby declared by the Commissioners Court of Tarrant County that said propositions above set out affecting Tarrant County alone, are declared to have carried by a majority vote and such propositions are declared to be in full force and ef-

fect. Said motion carried and it is so ordered."

It is upon the above recitation that appellees rest their contention that the Commissioner's Court legally bound itself at that time to establish the retirement fund. With this contention we do not agree. The only import of such language was to announce that the proposition giving the County the *right* to provide for the retirement fund is in full force and effect. The court was given the right to provide for the fund but the Commissioners were in no way obligated to exercise that right. What was declared to be in full force and effect? The right of Tarrant County, through its Commissioner's Court, to provide for and administer a retirement, disability and death compensation fund for the appointive officers and employees of Tarrant County as provided for in Article 16, Section 62, para. (b) of the Constitution of the State of Texas. Therefore, the effect of the order (of the Commissioner's Court on November 15, 1951) was to authorize the Commissioner's Court to exercise its right under Section 62, para. (b) of Article 16 of the Constitution of the State of Texas to provide for and administer a retirement, disability and death compensation fund for the appointive officers and employees of Tarrant County. The court declared the proposition to be in full force and effect. The proposition was "shall Tarrant County have the right to provide for and administer a retirement, disability and death compensation fund for the appointive officers and employees of Tarrant County". Therefore, the proposition having been adopted by the voters, it became discretionary with the court to provide for said fund and did not impose upon the county a legal duty to so do.

The right to provide for this fund is not vested in the voters but in the Commissioner's Court. The only power conferred upon the voters by virtue of the provision of the Constitution of this State under consideration herein is to authorize the Commissioner's Court to provide for such fund which they (the voters) did and that only.

The Commissioner's Court of Tarrant County by entering the order on November 15, 1951, did not declare the retirement, disability and death compensation fund in effect. The order only authorized the court to put such plan into effect.

We do not understand the appellees to contend that the voters are vested with the right to establish such plan but it is their contention that the order of the Commissioner's Court declaring the result of the election by the use of the following language "such propositions are declared to be in full force and effect and it is so ordered" imposes a legal duty upon the Commissioner's Court of Tarrant County to put such plan into effect. We do not construe the order to have such effect.

Judgment of the trial court should be reversed and rendered and it is so ordered.