John W. **LOVETT** et al., Appellants,

v.

**COUNTY OF HARRIS** et al., Appellees.

No. 15705.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1970.

Rehearing Denied Jan. 28, 1971.

Kirchheimer & Kirchheimer, Houston, for appellants; Theodore R. Kirchheimer, Houston, of counsel.

Joe Resweber, County Atty., Charles F. Mitchell, Gus Drake, Asst. County Attys., Houston, for appellees.

PEDEN, Justice.

Appeal from the denial of a mandatory injunction by which the appellants sought to have removed a fence placed by Harris County on a strip of its land which separates Fannin Street in Houston from some lots apparently owned by the appellants. Trial was to the court without a jury, and when the appellants rested, the trial court denied the relief sought.

The appellants assert that as owners of several lots in Knight's Main Street Addition, a recorded subdivision in Harris County, they are entitled to have removed a chain-link fence, erected by Harris County in 1963, that is more than six feet tall. The fence runs in a northerly and southerly direction .95 inches west of the west boundary of the Addition and 15.65 feet east of the easternmost part of the curb on the east side of Fannin Street. There is one opening in the fence between the Addition and Fannin St.; it permits Naomi St. in the Addition to intersect Fannin. The entire area in question is within the City of Houston, Harris County, Texas.

The fence is located on a tract of a little more than 20 acres conveyed to Harris County by the Trustees of the Hermann Hospital Estate on December 8, 1961.

The Commissioners Court of Harris County has refused to remove the fence in response to a written request and will not permit three streets in the addition to be opened into Fannin St.

The Harris County Domed Stadium is located a few hundred feet in a northwesterly direction from the Addition, and where Naomi St. crosses Fannin there is an entrance on the west side of Fannin into the stadium parking lot, through the chain link fence that has been erected on the west side of Fannin St. The Domed Stadium is leased to the Houston Sports Association, a corporation.

The appellants' first four points of error state that the trial court erred in holding 1) that as a matter of law the plaintiffs

(appellants) as owners of property on the Fannin St. right of way did not have a right of ingress and egress from their property to Fannin St., 2) that as a matter of law the appellants had no right of ingress and egress from their property to Fannin St. by way of the three streets in the Addition when the City of Houston had by motion extended those streets into the existing pavement on Fannin Street, 3) that the fence denying access to Fannin Street did not constitute a taking of the appellants' property within the meaning of Article I, Section 17, of the Texas Constitution, Vernon's Ann.St. and 4) that such fence denying access by way of the three streets in the Addition as extended by the motion of the City of Houston did not constitute a taking of the appellants' property within the meaning of Article I, Section 17 of the Texas Constitution.

The appellants, as movants in the trial court, had the burden of proof. No findings of fact or conclusions of law were requested or made, so we cannot say that the trial judge necessarily held with respect to all of these matters as the points of error assert that he did. His decision may well have been based, in part, on the appellants' failure to sustain their burden of proof as to some of their allegations.

The deed by which fee title to the 20.6752 acre tract was conveyed to Harris County contained these provisions after the granting clause:

"Express mention is made that Grantors have agreed to make this sale and conveyance in reliance upon the representations by Grantee that the property is being purchased with the intention of extending Fannin Street between the proposed South Loop and Old Main Street Road, with such extension to run in a North-South direction along the Eastern side of the property described above, with the remaining Western Portion of said property to be used for street purposes or included in a park and stadium site lying along the West side of said property.

"It is expressly stipulated and provided that as a part of the consideration for this conveyance, Grantee has agreed and does agree by its acceptance hereof that Grantee will, within three (3) years after this date, complete the construction of a new concrete street along and across the property as provided in the foregoing paragraph (of a quality equal to or better than the minimum specifications currently prescribed by the City of Houston for major thoroughfares), at least forty-four feet in width, with concrete curbs and gutters, and that the entire cost and expense of so constructing and installing such street, curbs and gutters shall be borne and paid by Grantee, without charge, levy or assessment for any part of the costs thereof being made against Grantors or their successors or assigns as owners of any lands now owned by Grantors which are situated adjacent to the property or adjacent to said Old Main Street Road; provided, of course, that nothing herein shall be construed to prohibit Grantee or other public authority from levying or assessing costs of constructing or installing such street, curbs and gutters against adjacent property owners (if any there be) *other* than Grantors or Grantors' successors or assigns.

"Further, it is expressly stipulated and provided that Grantors reserve and except to Grantors, their successors and assigns, as owners of land adjacent to the aforesaid property (to the extent that the lands now owned by Owners are adjacent to any part of such property), free rights of ingress and egress to and from the property for purposes of access to and from the aforesaid street to be situated on a part of said property."

It is undisputed that Fannin St. as extended by Harris County across the property acquired from the Hermann Hospital Estate is located 16.6 feet west of the west line of the Addition and does not abut on the Addition at any point. The record does not reflect that any of this strip 16.6 feet in

width has ever been devoted to street purposes (except where Naomi St. crosses it). No evidence is in the record to show that any of the appellants is in any way privy to the deed from the Hermann Hospital Estate, so they have not established that they are entitled to benefit from the express reservation in the deed to the grantors, their successors and assigns, of the right of free ingress and egress to and from Fannin St. as owners, at that time, of any land adjacent to the 20.6752 acre tract.

The appellants contend they are entitled to use the land acquired by the County for access to their property because they have shown that a public street has been established on land which abuts theirs or that such abutting land has been dedicated to street purposes. It is uncontroverted that the land which was used for Fannin St. is separated from that of the appellants by a strip 16.6 feet wide, so they must show that such intervening strip was dedicated for street purposes by either 1) the grantors in the deed to the County or 2) the motion of the Houston City Council.

■ We think it clear that the statements in the deed as to the County's representations and intentions to extend Fannin St. are merely contractual as between the parties and do not amount to a dedication of the land. A dedication is in the nature of a donation of one's land to the public for a public use without consideration, and therefore is never presumed but must be manifested either by a declaration or act which evinces the clearest intention on the part of the dedicator to presently set aside and appropriate a certain part of his land for the public use. City of Brownsville v. West, 149 S.W.2d 1034 (Tex.Civ.App.1941, writ dism., judgm. cor.). Therefore we need not consider whether those statements in the deed specified that the extension of Fannin St. was to be built on the easterly edge of the tract being acquired and thus to abut on the Addition.

The deed itself indicates that the land was being acquired by the County for de-velopment of the stadium park facilities and that the parties contemplated that free access would not be permitted across that part of the land not to be used for the street extension.

■ The motion by the City Council of Houston on which the appellants rely was:

"MOTION by Councilman McLemore that the recommendation of the Joint Referral Committee, submitted by the Director of Public Works, relative to petition of Mr. Dave O. Fretz, Attorney at Law, 8419 Knight Road, Houston, Texas 77025, requesting the opening of Engelmohr, Sarah, and Doris Streets westerly to connect into the existing pavement on Fannin Street, be adopted, and that the opening of Engelmohr, Sarah, and Doris Streets into Fannin Street be granted as requested by Mr. Dave O. Fretz, such opening to be entirely at the expense of the petitioner, with type of construction and permit to be approved by Harris County.

"Seconded by Councilman Miller and carried.

Mayor Welch, Councilmen Webb, Miller, McLemore, Ford, Elliott, Mann and Goyen voting aye
Nays none

"Passed this 17th day of October, 1967

"Approved this 20th day of October, 1967

"/s/ Louie Welch

"Mayor of the City of Houston

"Councilman Mancuso out of the city"

This motion grants the request to open the three streets into Fannin St. but conditions that opening upon the type of construction and permit to be approved by Harris County.

Article 1175, Vernon's Texas Civil Statutes, vests in each city exclusive dominion over the public streets located within it, but the dedicated right of way of the three

streets in question ends at the west line of the Addition, and no public streets have been shown to have been dedicated or used as extensions of those three streets across Harris County's 16.6 foot strip. It appears from the wording of its motion that the Houston City Council has recognized its lack of authority, under the circumstances that exist in this case, to open those three streets across the County's land, absent permission or condemnation.

■ Under these circumstances, the erection of the fence did not constitute a taking of the appellants' property within the meaning of Article I, Section 17, of the Texas Constitution. We overrule the appellants' first four points of error.

■ Another of their points is that the trial court erred in striking the testimony of the County Commissioners as to the purpose or purposes for which the fence was erected when the evidence showed that the fence was not erected by any specific order of the Commissioners Court but was included in a contract for the construction of the Astrodome or stadium, for the reason that such testimony would establish that the fence was erected for private purposes and thus it constitutes a purpresture.

We overrule the point. The trial judge was correct in striking the testimony of the County Commissioners consisting of their admissions made in response to Requests for Admissions under Rule 169, Texas Rules of Civil Procedure. The requests were made of the Commissioners individually at a time when they were, individually, parties to the suit. They had been dismissed from the suit in their individual capacities when the admissions were offered. The admissions were hearsay as to the only parties against whom they could have been offered, Harris County and the Commissioners' Court. Davis v. Coastal States Petrochemical Co., 405 S.W. 2d 854 (Tex.Civ.App.1966, no writ) and cases there cited.

The admissions were also inadmissible because each was a statement by a member of the Commissioners' Court as to the intention of the Court in ordering the fence erected. "The Commissioners' Court can act only as a body and when in an official meeting. It is a court of record and speaks through its official minutes. No member of the court acting alone may bind the Court or the County." Maples v. Henderson County, 259 S.W.2d 264 (Tex.Civ.App. 1953, writ ref. n. r. e.); Gano v. County of Palo Pinto, 71 Tex. 99, 8 S.W. 634 (1888); Tarrant County v. Roberts, 374 S.W.2d 695 (Tex.Civ.App.1964, writ ref. n. r. e.).

The record shows that the contract to erect the fence was a part of the contract for the construction of the Domed Stadium and that the Commissioners' Court voted to award that contract on March 4, 1963. We find no basis for admitting statements of individual members of the Court as to its intentions on the subject simply because the vote of the Court to award the fence contract was not a separate act of the Court.

■ Related points of error of the appellants are that the trial court erred in holding 5) that the erection of the fence was not an illegal act, 6) when it was erected for a purpose incidental to the domed stadium, which was leased by the County to a private corporation, and 7) in holding that the fence does not constitute a purpresture, thus denying to the appellants as well as the public the right to use the entire Fannin St. right of way. We overrule these points.

The trial court was not required by the evidence to find that the fence was located on any street right of way, and there is no evidence that the fence affects access to the stadium park, which is located west of Fannin St. nor is there any evidence that the strip east of Fannin St. was covered by the lease of the stadium park to the Houston Sports Association.

The evidence does not show that erection of the fence was an illegal act. Articles 6079e and 6081e, V.T.C.S. authorize Harris County to enter into any contract, lease or

other agreement with any person, real or artificial, to acquire, construct or operate, etc., any park facilities and to sell or lease park concessions for the operation of all such concerns as are consistent with the operation of a public park.

■ The trial court did not err in excluding the proffered testimony of two of the appellants that they bought their lots in the Addition relying on the motion of the City Council of Houston extending the three streets into Fannin and that Fannin St. was in existence at the time they purchased their property. These two appellants bought their lots on July 12, 1968, at a time when Fannin St. and the fence were in place. The motion was passed on October 17, 1967.

As we have noted, the appellants have failed to establish that the motion was sufficient to open the three streets into Fannin St. or that their lots abut on Fannin St. or on any dedicated right of way for it.

The judgment of the trial court is affirmed.