

# The Attorney General of Texas

July 22, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. JM-44

Re:  Authority of Harris County
to charge admission to swimming
pool in county park and related
questions

Dear Mr. Driscoll:

You have requested our opinion regarding the authority of Harris County to charge admission to a swimming pool located in a county park, and related questions. You state that a rotary club has offered to donate a swimming pool to Harris County to be built in an existing county park. You first ask whether Harris County may accept such a donation.

In 1964, the commissioners court of Harris County adopted the provisions of section 2 of article 6079e, V.T.C.S., which permit a commissioners court to exercise the powers of a park board. Section 11 of that statute provides:

> Sec. 11.  (a)  The Board shall have the power and authority, subject to the approval of the Commissioners Court, to adopt and promulgate all reasonable regulations and rules concerning the use of any park or parks administered by said Board.
>
> (b)  The Board is hereby authorized to accept grants and gratuities (for the benefit of any park or parks administered by the Board or for the use of the Board in carrying out its powers and duties with respect to any such park or parks) in any form and from any source approved by the Board and the Commissioners Court, including the United States Government or any part thereof, the State of Texas or any agency thereof, any private or public corporation, or any other person or persons.
>
> (c)  Such Board shall have the right to sue and be sued in its own name.

p. 193

In our opinion, section 11(b) clearly authorizes the park board to accept the donation of a swimming pool.

You next ask whether Harris County may charge admission to the swimming pool. It is well established that commissioners courts may exercise "only such powers as the Constitution itself or the statutes have 'specifically conferred upon them'." Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Nevertheless, the Supreme Court has stated that commissioners courts have "broad discretion in exercising powers expressly conferred on them." Id. We believe that section 11(a) of article 6079e furnishes the requisite statutory authority for the park board to charge admission to a swimming pool located in a county park. In our view, the authority "to adopt and promulgate all reasonable regulations and rules concerning the use of any park" includes the authority to charge admission to a facility which the board is empowered to operate. V.T.C.S. art. 6079e, §11(a).

Furthermore, the board is specifically empowered by section 10 of article 6079e to contract for the operation of park facilities. Article 6079e has been construed together with article 6081e, V.T.C.S., to mean that a county may:

> enter into any contract, lease or other agreement with any person, real or artificial, to acquire, construct or operate, etc., any park facilities and to sell or lease park concessions for the operation of all concerns as are consistent with the operation of a public park.

Lovett v. Harris County, 462 S.W.2d 405, 409-410 (Tex. Civ. App. - Houston [1st Dist.] 1970, writ ref'd n.r.e.). Article 6079, V.T.C.S., impliedly authorizes such a concessionaire to charge fees for operating facilities with a county park.

In Attorney General Opinion H-1123 (1978), this office held that the Dallas County commissioners court was authorized, with the cooperation of the sheriff or criminal district attorney, to provide funds for a contract with a rape crisis center for the performance of services which the county itself might have performed. This conclusion was based on the broad authority of counties in the administration of justice. The opinion stated: "Since the county may perform the services itself, it may contract to have them done."

In our opinion, it would be anomalous to conclude that a county may contract with a concessionaire for the operation of park facilities, including a swimming pool, and that the concessionaire may charge admission fees, but that the county itself may not charge such fees. We believe that the converse of the principle announced in Attorney General Opinion H-1123 is equally true: if a county may contract to have services performed, it may perform such services

directly.  Thus, the park board is empowered to charge admission fees to the swimming pool.

You also ask whether funds derived from admission to the pool may be used to maintain and operate the pool, and to defray the costs incurred in regulating its use.  In our opinion, section 11(a) of article 6079e furnishes sufficient authority for the park board to apply any funds derived from admission charges to the maintenance and operation of the pool.

Your final question is whether Harris County may charge camping fees in connection with the operation of a county park.  We believe that the principles discussed above are also applicable here.  If the park board may contract with the concessionaire to operate camping facilities within a county park, it may itself impose camping fees.

### S U M M A R Y

Harris County is authorized by section 11(a) of article 6079e, V.T.C.S., to charge fees for admission to a swimming pool located in a county park.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Susan Garrison
Jim Moellinger