## J. J. ROBINSON V. SMITH COUNTY.

Decided October 15, 1903.

**Statute Construed—Sheriff's Compensation.**

Article 2460 of the Revised Statutes, in prescribing compensation for the sheriff of a county for services in attending upon sessions of the district and county courts, does not contemplate such compensation for his attendance upon the commissioners court.

Appeal from the County Court of Smith. Tried below before Hon. S. A. Lindsey.

*N. A. Gentry,* for appellant.

*W. H. Hanson,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by J. J. Robinson, sheriff of Smith County, against the county to recover $2 per day for 114 days' service in attendance upon the commissioners court of his county. The defendant admitted the official character of plaintiff and the service was shown without dispute, but denied the right of the sheriff to recover, he having already received an annual ex officio allowance equal to the highest sum allowed by law.

A trial before the court upon the agreed facts stated resulted in a judgment for defendant. The only question presented by Robinson's appeal is the right of a sheriff to receive $2 per day as compensation for attendance upon the commissioners court of the county, under the provision of the statute allowing him that per diem for attendance "on the district and county courts."

That the sheriff is not entitled to the allowance except upon some statutory provision is not questioned.

When, therefore, we determine what the Legislature meant to include in the expression "district and county courts," we shall have solved the question presented.

Section 18 of article 5 of the State Constitution provides for the creation of the commissioners court by that name. By section 20 of the same article a clerk is provided for the county and commissioners court. This nomenclature is respected whenever in the Constitution or statutes the occasion has arisen to refer to them. The name "commissioners court" is as distinctly the name of that court as is the "district court" the name of the court presided over by the district judge. The county court was established as a trial court and differs from the district court chiefly in the matter of jurisdiction. While the district and county courts were established for the trial of litigated cases, the commissioners court is a political body, the powers and duties of its members being largely legislative and ministerial.

Among other provisions contained in article 2460 of the Revised

Statutes is the following: "For every day the sheriff or his deputy shall attend the district or county court he shall receive $2, * * * to be paid by the county. * * *" Bearing in mind the distinct nature of the courts named and the fact that they were designated by name in the acts creating them, it becomes manifest that the Legislature in using the term district and county courts could not have intended to include the commissioners court. For the sheriff's services in connection with the latter his compensation was his ex officio allowance provided for in Revised Statutes, article 2462.

The judgment of the trial court will be affirmed.

*Affirmed.*