**MAPLES et al. v. HENDERSON COUNTY et al.**

No. 14636.

Court of Civil Appeals of Texas.
Dallas.

May 15, 1953.

Rehearing Denied June 19, 1953.

Holland & Moore, Athens, for appellants.

Justice, Justice & Rowan, Jack Y. Hardee, County Atty., all of Athens, for appellees.

DIXON, Chief Justice.

This suit was instituted by Fate Maples and others as plaintiffs in the trial court, appellants here, against Henderson County, Texas, its four County Commissioners, and its County Judge and Sheriff, as defendants in the trial court, appellees here, to enjoin appellees from opening an old road which appellants contend had been abandoned. Appellees answered and affirmatively plead in a cross-action that the road in question was a public road by prescriptive right, that it had never been abandoned, that appellees were within their rights in ordering appellants to re-

move their fences and gates from across the road, and that appellants should be enjoined from blocking the road with fences, gates, or other obstructions. A. W. McLauchlin and sixteen other persons, citizens and property owners in the neighborhood of the road, intervened and adopted the allegations of appellees. A trial was had to a jury, which returned a verdict in favor of appellees. The court accordingly rendered judgment for appellees, including the intervenors, enjoining appellants from blocking or obstructing the road, and ordering appellants to remove gates and other obstructions placed upon the road.

The suit really involves parts of two old roads. One, known as the Old Payne Springs Road, runs in a general direction of north-south; the other, known as the Athens and Double Bridge Road, runs in a general direction of east-west. The two roads meet at a point near the old Weatherbee ranch house, where the Payne Springs Road ends. On a plat the two roads look somewhat like an inverted T, with the crossbar extending east and west (Athens and Double Bridge Road) across the bottom part of the plat, and the stem of the T (Old Payne Springs Road) running north and south about the middle of the plat.

It is undisputed that for many years these were public roads. The public long ago acquired easement rights over them by a use extending back as far as 1870. Time was when they were busy thoroughfares. The Old Payne Springs Road used to be the only direct route from Payne Springs to Kerens and Corsicana. The Athens and Double Bridge Road (east-west road) formerly led to Athens in one direction and to Corsicana in the other, and was used as a mail route until 1938. About that year a flood came and washed away two bridges on this east-west road, one bridge across Lynn Creek some distance east of the point of intersection of the two roads; the other bridge across Cedar Creek, some distance west of the intersection. These bridges were never replaced. Therefore, for the purposes of this case, the east-west road may be considered as closed at both ends, the eastern terminus being at Lynn Creek and the western terminus at Cedar Creek a distance of some miles.

Appellants are owners of about 800 acres of farm and ranch property surrounding the inverted T which the material parts of the two roads resemble on the plat.

The Old Payne Springs Road, running north-south, crosses the north boundary line of appellants' land and continues in a southerly direction until it meets the Old Athens and Double Bridge Road running east-west. It is the contention of the appellants that the two roads have been abandoned, hence the old roadways have become part of the surrounding lands which appellants own. This controversy was brought to a head when appellants, a short time before this suit was filed, locked a gate which several years before had been placed across the north-south road (Old Payne Springs Road) where it crosses the north boundary line of appellants' land. The locking of this gate isolated the parts of the road here involved and effectively blocked travel to and from the site of the old bridge on Cedar Creek, which has long been a popular fishing spot.

On May 14, 1951 in an official meeting there came on for hearing before the Commissioners' Court of Henderson County two petitions: One signed by Fate Maples and six other persons asking that the old road be closed and discontinued; and another petition signed by T. E. Smith and 112 others asking that the road be opened. The Commissioners with one dissenting vote passed a motion to open the road. This official action by the Commissioners' Court is recorded in Vol. O, page 292 of the Minutes of the Commissioners' Court of Henderson County. Thereafter on May 23, 1951 this suit was filed by appellants seeking to enjoin appellees from opening the road.

Only two issues were submitted, and in response to them, the jury answered: (1) That at the time the gate was placed across the road leading from appellants' north boundary line to the site of the old bridge formerly spanning Cedar Creek, the said road was being used for travel by the pub-

lic; and (2) the Commissioners' Court did not on April 9, 1951 pass an order closing the old Payne Springs Road to travel by the public.

The statement of facts is comprised of 336 pages of testimony from 26 witnesses, so we shall not attempt to detail its pertinent parts. Suffice it to say that in the record there is evidence to this effect: The road to the site of the old bridge over Cedar Creek was graded by the County as late as 1947; about four or five years ago a gate was put across the road at appellants' north boundary line but this gate was not locked until recently; until the time the gate was locked the old road was considerably used, chiefly for the purpose of going to the old bridge site for fishing, or for hunting in the neighborhood; if the road remains closed, the next nearest public route to Cedar Creek will be ten to fifteen miles farther from the Payne Springs community; the part of the road in question is in a bad state of repair, and plainly shows it has had little or no maintenance lately.

The record further shows that on April 9, 1951 several of appellants appeared before the Commissioners seeking permission to close the Payne Springs Road. A general, indefinite discussion took place which was apparently more or less favorable to appellants, for they seem to have supposed that they had permission to close the road. In so supposing, appellants were obviously mistaken. The Commissioners' Court took no official action on April 9, 1951 in regard to opening or closing the old roads. No official action was taken, so far as the record discloses, until May 14, 1951, by which time the Smith petition had been filed asking that the road be opened.

■ Appellants' first point on appeal is that the trial court should have instructed the jury that the old road had been abandoned as a matter of law. As heretofore indicated, we think the discussion which took place among the Commissioners on April 9, 1951 falls far short of constituting official action by the Commissioners' Court. Our Supreme Court in an early case said: "The commissioners' court is a court of record, and speaks through its minutes, and not by the mouths of the members of the body." Gano v. County of Palo Pinto, 71 Tex. 99, 8 S.W. 634, 635. The first and only official action in this controversy as shown by the record was taken by the Commissioners' Court on May 14, 1951, when they ordered the road opened. Consequently we must hold that certainly the road had not been abandoned as a matter of law by reason of any official action taken by the Commissioners' Court.

■ Nevertheless appellants contend that the road must be considered closed because of a common-law abandonment by the public. We agree with appellants that a common-law abandonment is made up of two elements: (1) Acts of relinquishment, and (2) the intention to abandon. Both elements must be shown by the parties asserting the abandonment, though intention may be inferred from the conduct of the parties. In this case non-user cannot be urged as an act of abandonment, for there is evidence that the road in question was used until the time the gate was locked by appellants. It is true that traffic had dwindled to the point that the road was used almost exclusively by hunters and fishermen. But we certainly do not hold that such diminished use amounts as a matter of law to an intention by the public to abandon the road. On the contrary, we think it is evidence of a public intention *not* to abandon the road. It is common knowledge that fishing is one of the most popular and innocent pastimes of our people. Certainly no one will say that a road has been abandoned because only fishermen use it. Neither do we believe that the failure of the County to grade the road in recent years or otherwise maintain it, establishes an abandonment as a matter of law. 39 C.J.S., Highways, § 132, page 1069.

■ Appellants further say that the old road must be considered abandoned because it is a cul-de-sac road,—that is, it runs over their private land and comes to a dead end on their land. We overrule this contention. The dead end is in Cedar Creek, which is public property. Cedar Creek is a fairly large stream for our part of the country and is "navigable" with-

in the meaning of Art. 5302—its entire width from bank to bank (not the space covered by water) being more than thirty feet. Motl v. Boyd, 116 Tex. 82, 286 S.W. 458. Being a "navigable" stream, it cannot be privately owned. Diversion Lake Club v. Heath, 126 Tex. 129, 86 S.W.2d 441. Nor may appellants claim title to the old road by adverse possession, for Art. 5517, R.C.S., Vernon's Ann.Civ.St. art. 5517, forbids such claim.

We overrule appellants' first point on appeal.

■ Appellants complain of the ruling of the trial court in excluding evidence that hunters and perhaps others had destroyed some of appellants' property located on lands adjacent to the road in question. Such misconduct is indeed reprehensible and one can easily understand appellants' indignation. However we cannot see how such testimony has any bearing on the issue of abandonment—the paramount question in this case. If appellants had succeeded in establishing an abandonment of the old road, the evidence in question might have been admissible to show that the only adequate relief was by injunction. Since the court held, and we believe properly, that the old road had not been abandoned, the evidence became immaterial and any error in excluding it became harmless.

■ Another point urged by appellants is that the court erred in excluding the testimony of one of the County Commissioners as to whether he intended to construct a road "down by the Double Bridge site, in the event the gate is unlocked"; also whether he intended to recommend to the Commissioners' Court the construction of such a road. In our opinion there was no error in excluding the testimony. The Commissioners' Court can act only as a body and when in an official meeting. It is a court of record and speaks through its official minutes. No member of the court acting alone may bind the Court or the County. No member of the Court acting alone may determine the Court's intention in the matter of road construction. The intention of an individual member of the Court, pronounced in advance of an actual meeting, could not bind the Court. Gano v. Palo Pinto County, 71 Tex. 99, 8 S.W. 634; Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451; 11 Tex.Jur. 570, 573. The trial court allowed one of the intervenors to testify that one of the reasons he wanted the road opened was that he "hoped that some day they would open up on the west side." This testimony was indefinite and immaterial. There is no showing that it in any way harmed appellants. We do not think it opened the way for the County Commissioner to testify as to his intention.

■ Another contention of appellants is that they have a right to maintain unlocked gates across the road since it is at most a third class road, or a neighborhood road. Arts. 6704, 6712, R.C.S., Vernon's Ann.Civ.St. arts. 6704, 6712. The judgment rendered by the trial court required appellants to remove all gates from across the road. This point was not raised in appellants' amended motion for new trial, hence we are not permitted to consider it on appeal. Rule 374, Texas Rules of Civil Procedure; Field v. Sosby, Tex.Civ.App., 226 S.W.2d 484 (error ref.); Kendall v. Johnson, Tex.Civ.App., 212 S.W.2d 232.

Finding no reversible error in the record, we affirm the judgment of the trial court.

Affirmed.