

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 20, 1960

Honorable Charles J. Lieck, Jr.
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas

Dear Mr. Lieck:

Opinion No.WW-942

Re: Validity of an order of
    the Commissioners' Court
    providing that voting
    abstentions shall be re-
    corded in the Minutes of
    the Commissioners' Court
    as negative votes.

You have requested an opinion on the validity of an order of the Commissioners' Court of Bexar County dated August 1, 1960, reading as follows:

> "ORDER ADOPTING A RULE OF PROCEDURE
> OF COMMISSIONERS' COURT ON VOTING.
>
> "A motion was presented by County Com-
> missioner Sam Jorrie, duly seconded by County
> Commissioner A. J. Ploch, which motion was voted
> as follows: Commissioners Pena, Jorrie and Ploch
> voting 'Aye': Commissioner Wurzbach and Judge
> Anderson voting 'Nay': It is ordered by the
> Court that the following be adopted as a rule of
> procedure of Commissioners' Court: 'In any case
> where any member of Commissioners' Court (County
> Judge or County Commissioner) abstains from vot-
> ing or fails to vote when present, the minutes
> of Commissioners' Court shall hereafter be marked
> to indicate that the member of Commissioners'
> Court who abstained or failed to vote when pre-
> sent, voted 'No.'"

The Commissioners' Court is a court of record and speaks through its minutes. Maples v. Henderson County, 259 S.W.2d 264 (Civ.App. 1953), err. ref. n.r.e.

Article 2349, Revised Civil Statutes of Texas, 1925, requires the County Clerk to keep a record of the proceedings of the Commissioners' Court in a suitable book kept for that purpose. Brown, et al v. Reese, 67 Tex. 318, 3 S.W.292 (1887). In Brown v. Reese, supra, the court held that the best evidence of a proceeding of the Commissioners' Court is "either the record itself or a certified copy as provided for by

statute under the hand and seal of the Clerk."

Thus, it is our opinion that it is the mandatory duty of the County Clerk under the provisions of Article 2349 to keep an accurate record of the proceedings of the Commissioners' Court. The order quoted above would require the Clerk to record a "No" vote in those instances where a member of the Commissioners' Court abstains from voting, rather than casting a "No" vote. If the Clerk abided by the order under consideration, the minutes of a Commissioners' Court would reflect such erroneous matter. You are, therefore, advised that insofar as the order of the Commissioners' Court referred to in your request requires the Clerk of the Commissioners' Court to record erroneous matter in the Minutes of the Commissioners' Court, such order is invalid.

## S U M M A R Y

It is the duty of the County Clerk to keep an accurate record of the proceedings of the Commissioners' Court in a suitable book kept for that purpose and any order of the Commissioners' Court which would require the County Clerk to record a voting abstention as a "No" vote is invalid to the extent that it requires the County Clerk to violate such mandatory duty.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *John Reeves*
/John Reeves
Assistant

JR:ms:zt

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
C. Dean Davis
Wm. R. Hemphill
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore