

# The Attorney General of Texas

April 29, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Neal E. Birmingham
Criminal District Attorney
Cass County Courthouse
Linden, Texas 75563

Opinion No. MW-331

Re: Authority of county commis-
sioners under article 6713, V.T.C.S.

Dear Mr. Birmingham:

You have requested our opinion concerning the authority of the county commissioners of Cass County as road supervisors under article 6713, V.T.C.S. You have stated the following fact situation. Cass County has a population of less than 35,000 and is not subject to the provisions of article 6762, V.T.C.S., providing for members of the commissioners court to serve as ex-officio road commissioners of their respective precincts. Cass County has not adopted the provisions of article 6716-1, V.T.C.S., the Optional County Road Law of 1947. The commissioners court has previously employed each commissioner as road commissioner of his precinct under article 6737, V.T.C.S. This practice has been held to be "contrary to the policy of the law." Starr County v. Guerra, 297 S.W. 2d 379 (Tex. Civ. App. – San Antonio 1956, no writ). The commissioners court has indicated its intention to end this practice and administer its road and bridge responsibilities in the future under the provisions of article 6713, V.T.C.S., and other applicable statutes. Your inquiry addresses the division of powers, duties and responsibilities between the commissioners court as a body and the individual commissioners as road supervisors under article 6713, V.T.C.S.

The general powers and duties of the commissioners court are specified in article 2351, V.T.C.S., including, in part:

Each commissioners court shall:

. . . .

3. Lay out and establish, change and discontinue public roads and highways.

4. Build bridges and keep them in repair.

5. Appoint road overseers and apportion hands.

6. Exercise general control over all roads, highways, ferries, and bridges in their counties.

Article 6713, V.T.C.S., provides in part that, "[e]xcept when road commissioners are employed, the county commissioners shall be supervisors of public roads in their respective counties, and each commissioner shall supervise the public roads within his commissioners precinct once each month".  Article 6736, V.T.C.S., reads as follows: "All moneys appropriated by law, or by order of the commissioners court, for working public roads or building bridges, shall be expended under the order of the commissioners court, except when otherwise herein provided, and said court shall from time to time make the necessary orders for utilizing such money and for utilizing convict labor for such purposes".

Certain divisions of authority between the commissioners court as a body and the acts of individual commissioners have been defined by the courts.  The commissioners court is the county's governing body and it alone may make contracts binding on the county unless otherwise provided by statute.  Anderson v. Wood, 152 S.W. 2d 1084 (Tex. 1941).  An act of an individual commissioner cannot generally bind the county.  Hill Farm, Inc. v. Hill County, 425 S.W. 2d 414 (Tex. Civ. App. - Waco 1968), aff'd, 436 S.W. 2d 320 (1969); Maples v. Henderson County, 259 S.W. 2d 264 (Tex. Civ. App. - Dallas 1953, writ ref'd n.r.e.).

The road and bridge duties of the commissioners court have also been the subject of judicial consideration.  The commissioners court may not delegate its road and bridge duties under article 2351 to an agent acting pursuant to article 1580, V.T.C.S.  Canales v. Laughlin, 214 S.W. 2d 451 (Tex. 1948).  However, article 1580 has been cited as authority for the delegation of ministerial road and bridge duties by the commissioners court.  Coryell County v. Burke and Corbett, 4 S.W. 2d 283 (Tex. Civ. App. - Waco 1928, writ dism'd).  Nevertheless, the supreme court, in the Canales decision, struck down a county plan to delegate the authority to supervise and maintain the county road system.  Holding that the plan failed to follow the statutory methods, such as road commissioners, road superintendents, or county road engineers, for delegating such authority, the court stated:  ". . . we believe that it must be concluded that since the legislature has expressly provided that the commissioners courts may employ persons to superintend or supervise the county road system and has placed certain conditions and restrictions on the exercise of this power, these conditions and restrictions must be observed if the authority is to be exercised."  Canales, supra, at 457.  Cf. Hill v. Sterrett, 252 S.W. 2d 766 (Tex. Civ. App. - Dallas 1952, writ ref'd n.r.e.).  As a court of limited jurisdiction, Attorney General Opinion H-374 (1974), whatever authority the commissioners exercise individually as road supervisors must be founded upon article 6713, V.T.C.S., and cannot be delegated generally by the commissioners court.

We now address the specific language and construction of article 6713, V.T.C.S.  The wording of the statute offers scant direction or definition.  In particular, the commissioners are designated as "supervisors", a term not generally employed in the road and bridge statutes.  One definition of supervisor is "one having authority over others, to superintend and direct".  Black's Law Dictionary 1290 (5th ed. 1979); Cafferty v. Southern Tier Pub. Co., 123 N.E. 76 (N.Y. 1919).  The statute also provides that "each commissioner shall supervise the public roads within his commissioners precinct once each month".  The word supervise has been defined as "to have general oversight over,

to superintend or to inspect". Black's Law Dictionary 1290 (5th ed. 1979); State v. Manning, 259 N.W. 213 (Iowa 1935). Such terms, without judicial construction, would be difficult to relate to specific powers and actions.

However, article 6713, V.T.C.S., has been the subject of judicial construction by Texas courts. In Guerra v. Rodriguez, 239 S.W. 2d 915 (Tex. Civ. App. - San Antonio 1951, no writ), opinion by Justice Pope, the court of civil appeals examined this statute in detail. This case arose when the commissioners court of Starr County appointed Alonzo Hinojosa to hire road hands for precinct two and to fix and report to the county the wages these hands should receive. H.P. Guerra, the commissioner of precinct two, objected to this appointment. Guerra sought a declaratory judgment that, under article 6713, he was an ex-officio road superintendent of public roads in his precinct with full right and power to employ necessary road workers, and to buy or hire such tools, teams, implements and machinery as the commissioners court may direct. Guerra also sought an injunction to prevent the county from approving or paying claims from his precinct without his approval. The district court denied his request. The court of civil appeals affirmed the district court decision but also discussed at length in its opinion the relative powers of the commissioners court as a body and the individual commissioners as road supervisors under article 6713.

The court rejected Guerra's argument that he possessed all of the powers of a road superintendent as defined in article 6747, V.T.C.S. The court also rejected the proposition that the commissioners court could delegate its authority under article 2351, V.T.C.S., and other statutes to the individual commissioners acting as road supervisors, stating:

> In the absence of statutory authority, the powers of a Commissioners' Court involving the exercise of judgment and discretion cannot be delegated, and until delegated those powers reside with the court. The power to hire workers and to buy and hire tools, and equipment are not mere ministerial functions which may be delegated. Otherwise, the Legislature would have been under no necessity to authorize the delegation of the functions of the court to a road commissioner or a road superintendent. Those are powers that the Commissioners' Court retains until they have been parceled out in accord with some statute authorizing such a delegation of power. [citation omitted]. Absent the delegation of such powers in line with the legislative authority, the power of decision rests with the Commissioners' Court.

239 S.W. 2d at 920.

The court then defined the duties of a road supervisor as follows:

> Once the Commissioners' Court has exercised its powers to hire workers, buy and hire equipment, or make contracts for labor or

> machinery, the commissioner in his precinct may supervise the workers so hired, the equipment so employed, and the contracts made. . . . Since that supervision is subject to the general supervision of the Commissioners' Court, it must yield to the general control of the court in the event of conflict.

Id.

The Guerra decision is the only appellate court construction of the duties of road supervisors under article 6713, V.T.C.S. It is true that it is a no writ case which has not been cited subsequently. Moreover, article 6755, V.T.C.S., relied upon in part by the court in its comparison of the duties of a road supervisor to the duties of a road superintendent, has been repealed. However, under the doctrine of stare decisis, we must adhere to this construction of the statute which has been allowed to stand, unamended by the legislature, since 1951. Ex parte Boehme, 255 S.W. 2d 206 (Tex. Crim. App. 1952). In summary, in counties in which the county commmissioners serve as road supervisors under article 6713, V.T.C.S., the commissioners court as a body must exercise its power to hire workers, buy and hire equipment, and make contracts for labor or machinery; the individual commissioner as road supervisor in his precinct has the authority to supervise the workers so hired, the equipment so employed, and the contracts made.

## SUMMARY

> In counties in which the county commissioners serve as road supervisors under article 6713, V.T.C.S., the commissioners court as a body must exercise its powers to hire workers, buy and hire equipment, and make contracts for labor or machinery; the individual commissioner as road supervisor in his precinct has the authority to supervise the workers so hired, the equipment so employed, and the contracts made.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by James Allison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Walter Davis
Rick Gilpin
Jim Moellinger