

# THE ATTORNEY GENERAL
## OF TEXAS

August 7, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Dale Hanna
Johnson County Attorney
1st Floor, Courthouse
Cleburne, Texas 76031

Opinion No. JM-764

Re: Whether the individual who keeps the minutes for a commissioners court is required to be a certified shorthand reporter

Dear Mr. Hanna:

You ask whether the county clerk or a duly appointed deputy county clerk who keeps the minutes of the proceedings of the commissioners court is required to be a certified official court reporter.

Section 52.041 of the Government Code provides that every "court of record" must appoint an "official court reporter":

> Each judge of a court of record shall appoint an official court reporter. An official court reporter is a sworn officer of the court and holds office at the pleasure of the court.

Section 52.001(3) of the Government Code defines "official court reporter" as "the shorthand reporter appointed by a judge as the official court reporter." Section 52.001(5) of the Government Code defines "shorthand reporting" as

> the practice of shorthand reporting for use in litigation in the courts of this state by making a verbatim record of an oral court proceeding, deposition, or proceeding before a grand jury, referee, or court commissioner using written symbols in shorthand, machine shorthand, or oral stenography.

Section 52.046 of the Government Code sets out the powers and the duties of an official court reporter:

> (a) On request, an official court reporter shall:

(1) attend all sessions of the court;

(2) take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

(3) take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;

(4) preserve the notes for future reference for three years from the date on which they were taken; and

(5) furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by this chapter.

(b) An official court reporter of a district court may conduct the deposition of witnesses, receive, execute, and return commissions, and make a certificate of the proceedings in any county that is included in the judicial district of that court.

(c) The supreme court may adopt rules consistent with the relevant statutes to provide for the duties and fees of official court reporters in all civil judicial proceedings.

(d) A judge of a county court or county court at law shall appoint a certified shorthand reporter to report the oral testimony given in any contested probate matter in that judge's court.

A commissioners court is not a court that conducts litigation; rather, it is "a political body, the powers and duties of its members being largely legislative and ministerial." Robinson v. Smith County, 76 S.W. 584 (Tex. Civ. App. 1903, no writ). Nonetheless, a commissioners court has been said to be a "court of record." Maples v. Henderson County, 259 S.W.2d 264 (Tex. Civ. App. - Dallas 1953, writ ref'd n.r.e.). Consequently, you are concerned that section 52.041 of the Government Code, which requires all courts of record to appoint official court reporters, requires that the county clerk or

deputy county clerk that keeps the minutes for the commissioners court be an official court reporter.

We think, however, that the phrase "court of record" in section 52.041 of the Government Code must be read in the context of the other statutes dealing with official court reporters.   Section 52.001 defines an official court reporter as a person who practices shorthand reporting for use in litigation, and the powers and duties of official court reporters that are set out in section 52.046 relate generally to litigation.   Therefore, we think that the requirement that every court of record appoint a shorthand reporter was intended to apply to courts that conduct litigation.

Furthermore, even if the phrase "court of record" as used in section 52.041 did encompass commissioners courts, we think that article 2349, V.T.C.S., rather than chapter 52 of the Government Code governs how and by whom the proceedings of commissioners courts are to be recorded.   The commissioners court is a "court of record" because it is required to record its proceedings.   Attorney General Opinion V-1038 (1950).   In Attorney General Opinion O-6318 (1945) this office said that article 2349, V.T.C.S., makes the commissioners court a court of record.   Article 2349 provides:

> The court shall require the county clerk to keep suitable books in which shall be recorded the proceedings of each term of the court; which record shall be read and signed after each term by the county judge, or the member presiding and attested by the clerk.   The clerk shall also record all authorized proceedings of the court between terms; and such record shall be read and signed on the first day of the term next after such proceedings occurred.

See also V.T.C.S. art. 1938 (county clerk may appoint deputies who shall perform all acts of county clerk).   Thus, the same provision that makes the commissioners court a court of record assigns the task of keeping the minutes of the commissioners court to the county clerk. Compare Attorney General Opinion V-1038 (1950)(indicating that minutes of commissioners court should contain a record of actions taken rather than a verbatim transcription of meeting); with Gov't Code §52.001(official court reporters keep verbatim transcriptions of proceedings).   We find no requirement that the county clerk be an official shorthand reporter.   See generally V.T.C.S. art. 2345 and Gov't Code §51.402 (powers and duties of county clerk).   A general law does not ordinarily repeal a special law on the same subject; rather, the special law is construed as an exception to the general law. Flowers v. Pecos River R. Co., 156 S.W.2d 260 (Tex. 1941).   Therefore,

we think that article 2349, which governs how and by whom the proceedings of commissioners courts are to be recorded, would be read as an exception to the statute that sets out a general requirement that courts of record must appoint an official court reporter even if that general rule were broad enough to include commissioners courts.

## S U M M A R Y

A commissioners court is not required to appoint an official court reporter to record its proceedings.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General