# NO. 12-17-00090-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***THE JESUS CHRIST OPEN ALTAR CHURCH, LLC, APPELLANT*** | § | ***APPEAL FROM THE 402ND*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT*** |
| ***CITY OF HAWKINS, TEXAS, APPELLEE*** | § | ***WOOD COUNTY, TEXAS*** |

## *MEMORANDUM OPINION*

The Jesus Christ Open Altar Church, LLC appeals from a declaratory judgment in which the trial court determined that the City of Hawkins, Texas holds an easement over Church owned property. In two issues, the Church asserts that the City abandoned its interest in the property. We affirm.

## BACKGROUND

The City filed a declaratory judgment action asking the court to determine if a 1909 Texas & Pacific Railway Company plat of the City conveyed fee simple title to the City of land to be used for streets and alleys, or if it reserved easements to be used for streets and alleys.[1] It also asked the court to declare what portion of proposed Ash Street, as it appears on the 1909 plat, was conveyed by the City in an abandonment warranty deed dated November 4, 1994. The City contends that it did not abandon its interest in a portion of proposed Ash Street that has never been used as a street and is now claimed by the Church.

---

[1] A person interested under a deed or other writings constituting a contract may have determined any question of construction and obtain a declaration of rights regarding the determination of the proper boundary line between adjoining properties. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a), (c) (West 2015); s*ee also **Lindner v. Hill**,* 691 S.W.2d 590, 591 (Tex. 1985) (invoking the Declaratory Judgments Act to determine rights of ingress and egress).

After a hearing, the trial court determined that the current Blackbourn Street in the City is the same as "Old U.S. Highway 80 as far as the dedicated but undeveloped portion of Ash St. at issue is concerned; and that the portion of undeveloped Ash St. lying south of Old U.S. Highway 80 (currently Blackbourn St.) is the property at issue in this cause."  The court further determined that the 1909 plat conveyed easements in and to the streets and alleys of the City, and the City holds an easement over the property at issue.  Also, the court determined that the City has not conveyed or abandoned its easement on the property at issue.

On appeal, the Church alleges that the portion of the judgment holding that the City has a perpetual easement over the Church's property should be reversed.  Alternatively, the Church argues that the case should be remanded for further proceedings to determine with certainty the southern boundary of the City's 1994 abandonment.

## COMMON LAW ABANDONMENT OF EASEMENT

In its first issue, the Church asserts that the trial court erred in determining that the City retains an easement on Church property.  It contends that the City abandoned its easement as shown by the facts that the City has never used the easement, has no plans to use the easement, and the City constructed Ash Street at a different location.

### Standard of Review

A party attacking the legal sufficiency of an adverse finding on an issue on which it had the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue.  *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that supports it.  *Univ. Gen. Hosp., L.P. v. Prexus Health Consultants, LLC*, 403 S.W.3d 547, 550 (Tex. App.−Houston [14th Dist.] 2013, no pet.).  The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review.  *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).  We credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.  *Id*.  The trier of fact is the sole judge of the witnesses' credibility and the weight to afford their testimony.  *Id*. at 819.

**Applicable Law**

Once a road is dedicated to public use, that road remains subject to that use unless it is abandoned. *Lindner v. Hill*, 673 S.W.2d 611, 616 (Tex. App.−San Antonio 1984), *aff'd*, 691 S.W.2d 590 (Tex. 1985); *see also Adams v. Rowles*, 228 S.W.2d 849, 851 (Tex. 1950) (held that the sale of lots by reference to a recorded plat constitutes, as between the grantor and grantee, a dedication of the streets and alleys designated in the plat, though not yet open, and implies that the streets shall be forever open to the use of the public). The purpose of a public road, particularly one of local character, is to provide access to property abutting upon it, as well as a thoroughfare between distant points. *Betts v. Reed*, 165 S.W.3d 862, 871 (Tex. App.−Texarkana 2005, no pet.).

To show common law abandonment, one must show intent to abandon and acts of relinquishment. *Id*. The party asserting abandonment must prove the elements although intention to abandon may be inferred from the conduct of the parties. *Maples v. Henderson Cty.*, 259 S.W.2d 264, 267 (Tex. Civ. App.−Dallas 1953, writ ref'd n.r.e.). Abandonment occurs when the use for which property is dedicated becomes impossible, or so highly improbable as to be practically impossible, or where the object of the use for which the property is dedicated wholly fails. *Magee Heirs v. Slack*, 258 S.W.2d 797, 802 (Tex. 1953). "Mere non-user of an easement will not extinguish it." *Adams*, 228 S.W.2d at 852.

**Analysis**

Donna Jordan, the city secretary, testified that no street crosses the disputed property, the City does not utilize the disputed property, and the City has not discussed using that property. William Kirkpatrick, the City's mayor pro tem, testified that Ash Street has never been developed where it is shown on the plat. He also stated that the city council did not want to abandon the land between old Highway 80 and new Highway 80 that is designated as Ash Street on the 1909 plat. Clara Kay, a current city council member, testified that she is not aware of any plan by the City to use the property at issue.

Jeffery Hudson, with KSA Engineering, surveyed the area in 2015. Based on his review of all available documentation, he determined that there is an Ash Street that is in use and an Ash Street right of way established by the plat that still exists.

Real estate lawyer Richard Roberts testified that the City has an easement derivative of the donation to the public shown by the 1909 plat. He explained that the length of time a street

has been dedicated but not developed is not a factor in whether a city is going to establish a street. He testified that he is not aware of any inconsistent use of the undeveloped Ash Street, and that neither nonuse nor misuse is an abandonment.

The evidence shows that Ash Street was not built on the land where the 1909 plat shows it to be. The City has not used its easement across the disputed tract of land and has no plans to use it. However, there is no evidence of an express intention to abandon the City's easement, and Kirkpatrick testified specifically that the City did not want to abandon its easement over the property in dispute. There is no testimony that a road for access to abutting property or as a thoroughfare between distant points could not be built on the disputed property. *See Betts*, 165 S.W.2d at 871. There is no evidence that it would be impossible or highly improbable to build a street on the disputed property or that the object of the easement wholly fails. *See Slack*, 258 S.W.2d at 802. Although it was established that in the more than 100 years since the plat was created no street has been built in the disputed area, mere nonuse of the easement by the City does not amount to abandonment. *See Adams*, 228 S.W.2d at 852. Likewise, the fact that the City used the name "Ash Street" on a street built in a different location does not amount to an abandonment of the right to build a street in the disputed area. The Church did not establish as a matter of law that the portion of undeveloped Ash Street at issue was abandoned by the City. *See Maples*, 259 S.W.2d at 267. We overrule the Church's first issue.

**1994 EXPRESS ABANDONMENT**

In its second issue, the Church contends that the evidence is insufficient to show that church property lies outside the boundaries of the City's 1994 express abandonment. The Church argues that the southern boundary of the 1994 express abandonment of certain streets and alleys is not defined with sufficient particularity as to conclusively determine its location. Therefore, the evidence is insufficient to conclude that the City retains the easement or that Church property lies south of the express abandonment. It agrees with the trial court's determination that old Highway 80 is the southern boundary of the 1994 abandonment but contends there is still a question of where that boundary lies. It asserts that there is some evidence that old Highway 80 has always been in the same location as present Highway 80, and if that is true, then the Church's property falls within the 1994 abandonment.

4

## Standard of Review

When a party challenges the factual sufficiency of the evidence supporting a finding for which he did not have the burden of proof, we may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 376 (Tex. App.−Houston [1st Dist.] 2010, pet. denied) (op. on reh'g). In reviewing the factual sufficiency of the evidence, we must examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998); *Cain*, 709 S.W.2d at 176.

The trier of fact is the sole judge of the credibility of the witnesses and the weight to afford their testimony. *City of Keller*, 168 S.W.3d at 819. The trier of fact may choose to believe one witness over another, and a reviewing court cannot impose its own opinion to the contrary. *Id*. Because it is the trier of fact's province to resolve conflicting evidence, we must assume that it resolved all conflicts in accordance with the verdict if reasonable human beings could do so. *Id*.

## Applicable Law

The question of where boundaries are on the ground is a question of fact to be determined from the evidence. *Silver Oil & Gas, Inc. v. EOG Res., Inc.*, 246 S.W.3d 197, 202-03 (Tex. App.−San Antonio 2007, no pet.). In the construction of written instruments, all instruments in a chain of title, when referred to in a deed will be read into it. *Dixon v. Amoco Prod. Co.*, 150 S.W.3d 191, 194 (Tex. App.−Tyler 2004, pet. denied). Where a tract of land is conveyed by reference to block and lot numbers of a recorded plat, the description is as definite as though the boundaries of the land had been given, as shown on the plat. *City of Corpus Christi v. McCarver*, 275 S.W.2d 194, 196 (Tex. Civ. App.−San Antonio 1955), *rev'd on other grounds*, 284 S.W.2d 142 (1955). A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). Where a deed refers to another deed, or a map, or a survey, it has the effect to incorporate such deed, map or survey into the description, the same as if copied into the deed itself. *Brown v. Chambers*, 63 Tex. 131, 135 (1885); *XTO Energy, Inc. v. Nikolai*, 357 S.W.3d 47, 58 (Tex. App.−Fort Worth, pet. denied).

Where the description in a deed refers to other writings, the documents referred to must be examined along with the deed in order to determine the sufficiency of the description to identify the land. ***Kothe v. Harris Cty. Flood Control Dist.***, 306 S.W.2d 390, 394 (Tex. Civ. App.–Houston 1957, no writ). Where there is a conflict between the description in a deed and that in a document referred to in the deed, parol evidence is admissible, even though the ambiguity develops from a consideration of the document of reference. ***Bell v. Wright***, 60 S.W. 873, 874 (Tex. 1901); ***Young v. Gharis***, 170 S.W. 796, 799 (Tex. Civ. App.–Dallas 1914, no writ).

**Analysis**

The 1909 plat shows the railroad runs east-west along the south edge of Hawkins. Testimony indicates that current Highway 80 runs parallel to the railroad along the north side of the tracks. Photographs in evidence, and the accompanying testimony, show that the Church property sits between Highway 80 to the south and a smaller blacktop road on the north. The specific issue here concerns the identification of that smaller blacktop road.

In early 1994, English Funeral Home, which at the time owned the Church property at issue, petitioned the City to abandon certain unused streets and alleys, referencing the original 1909 plat. Specifically, it requested the City to abandon the alleys in Blocks 15 and 16, "Ash Street as it runs between US Highway 80 and Blackbourn Street," and "Blackbourn Street between Elm Street and Maple." The City did not act on this request. In November 1994, English Funeral Home presented an amended petition in which it changed the description of the affected streets. The City granted the amended petition duplicating the amended petition's description in the deed conveying the abandoned streets and alleys as follows:

> All that certain lot, tract or parcel of land lying in Wood County, Texas in the City of Hawkins according to the plat of said city recorded in Volume 8, Page 3 of the Plat Records of Wood County, Texas being more particularly described as follows:
> a. The "T" shaped alley in Block 16;
> b. The "T" shaped alley in Block 15;
> c. Ash Street as it runs between old US Highway 80 (currently named Blackbourn Street) and old Blackbourn Street as it is shown on the City's original plat referred to above.

        d. Old Blackbourn Street between old Elm Street and old
           Maple Street, as said streets are shown on the City's
           original plat referred to above.

The 1909 plat identifies Blackbourn Street, Elm Street, Maple Street, and Blocks 15 and 16. It shows the "T" shaped alleys and places Blackbourn Street north of Blocks 15 and 16. Platted Ash Street runs north and south between Block 15 and Block 16. Neither the old nor the current location of Highway 80, or the street now called Blackbourn Street, is designated on the 1909 plat. Thus, it is impossible to place the southern abandonment boundary just by looking at the 1909 plat. However, applying the deed description to the 1909 plat, the abandonment deed identified the southern border of the abandoned easement as Old Highway 80 and clarified that it is currently known as Blackbourn Street.

The record includes deeds showing the chain of title of the Church property from 1993 until the Church's 2015 purchase. The 1993, 2012, and 2015 deeds place old Highway 80 north of current Highway 80. In each of these deeds, the southern boundary of the tract at issue is identified as the north right of way line of U.S. Highway 80, and the northern boundary line is identified as the south right of way line of old U.S. Highway 80.

Plaintiff's Exhibit 12, a survey of the area done by Jeffery Hudson, shows "(OLD) BLACKBOURN STREET" as being north of Blocks 15 and 16, as it is on the 1909 plat. The survey also shows "OLD HWY 80 (CURRENT) BLACKBOURN STREET" running at an angle through the southern parts of Blocks 15 and 16, clipping the western edge of Block 16's "T" shaped alley, crossing lots 3 through 8 in both Block 15 and Block 16, heading toward current Highway 80 and Maple Street. Exhibit 12 also identifies Old Highway 80/current Blackbourn Street as the northern boundary of the Church's property and current Highway 80 as its southern boundary.

Mark Thomas McDonald is one of the founding members of the Church. He pointed out the boundaries of Church property on a photograph. He explained that Highway 80 is the south boundary of the Church property. He testified that "[t]hey call it new 80 except for it is the old 80 according to all the research I've done, and I went all the way back to 1913, and 80 was in that location."

Accordingly, the 1994 deed shows that the southern boundary of the abandoned easement is old Highway 80/current Blackbourn Street. The remaining deeds and the survey show that old

Highway 80 is the northern boundary of the Church property and current Highway 80 is its southern boundary. McDonald's testimony that old Highway 80 was in the same location as current Highway 80, an attempt to assert that the Church property is north of the southern boundary of the abandoned easement, conflicts with all of the deeds and the survey. The Church presented no documents to support this theory. The trial court was entitled to disregard McDonald's conflicting testimony. *City of Keller*, 168 S.W.3d at 819. The trial court's determination that the Church property is south of the abandoned easement, and not included in it, is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain*, 709 S.W.2d at 176. We overrule the Church's second issue.

## DISPOSITION

Because the Church has not shown any trial court error, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered December 21, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2017**

**NO. 12-17-00090-CV**

**THE JESUS CHRIST OPEN ALTAR CHURCH, LLC,**
Appellant
V.
**CITY OF HAWKINS, TEXAS,**
Appellee

Appeal from the 402nd District Court

of Wood County, Texas (Tr.Ct.No. 2015-700)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **THE JESUS CHRIST OPEN ALTAR CHURCH, LLC**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*