

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00249-CV

**O'KEEFE HEALTHCARE, LLC**,
Appellant

v.

Lola **FAULKNER** and Lee Roy Faulkner,
Appellees

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. CVW2300477
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:    Lori Massey Brissette, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: June 24, 2026

AFFIRMED

O'Keefe Healthcare, LLC, appeals from a judgment granting declaratory and injunctive relief in an easement dispute. We affirm.

<b>Background</b>

O'Keefe and the appellees, Lola and Lee Roy Faulkner, own adjoining parcels of land located in the Creekwood Park Subdivision Phase IV in Wilson County, Texas. O'Keefe owns Lot 92; the Faulkners own Lot 91. Both lots are bordered on one side by U.S. Highway 181.

The Faulkners sued O'Keefe for declaratory and injunctive relief. In their original petition, the Faulkners alleged that Lot 92 was burdened by an express easement created in a "Declaration of Easements, Restrictions, Covenants and Conditions for Creekwood Park Subdivision Phase IV" recorded in the county deed records in 1989. The petition further alleged the easement was an ingress and egress easement burdening all the lots in phase IV of the Creekwood Park subdivision that bordered on U.S. Highway 181. The Faulkners sought a declaratory judgment that O'Keefe's parcel, Lot 92, was burdened by the easement and a permanent injunction enjoining O'Keefe from implementing a barrier to prevent access to and use of the easement.

O'Keefe filed an answer generally denying the allegations in the Faulkners' petition and raising multiple affirmative defenses.

The Faulkners moved for traditional summary judgment, arguing that Lot 92 was burdened by an express easement as set out in the Declaration. Attached to the Faulkners' summary judgment motion were the Declaration, the subdivision plat, and a survey. The Faulkners asked the trial court to construe the Declaration creating the easement. O'Keefe filed a response, arguing its parcel, Lot 92, was not burdened by the express easement because the subdivision plat "did not show the 40-foot easement drawn on Lot 92." Attached to O'Keefe's response was a revised survey that depicted the easement as not extending across Lot 92. However, the Faulkners objected to the revised survey, claiming it was not properly authenticated. The trial court sustained the objection. The trial court then granted the Faulkners' summary judgment motion.

O'Keefe filed a motion asking the trial court to reconsider its summary judgment ruling, but the record does not show that the trial court ruled on the motion.

The trial court subsequently signed a final judgment declaring that "[t]he easement specified in § 2.05 of the Declaration filed on October 2, 1989, in the Wilson County Deed Records

and recorded on October 10, 1989, under Vol. 729, Page 672 - 676, burdens [O'Keefe's] Lot 92." Further, the final judgment enjoined O'Keefe from preventing access to and use of the easement. O'Keefe appealed.

## DISCUSSION

On appeal, O'Keefe argues the trial court erred by granting summary judgment because the Faulkners did not establish their entitlement to summary judgment as a matter of law. O'Keefe's primary argument is that the Faulkners' own evidence establishes the existence of a material fact issue precluding summary judgment.

### *Standard of Review*

We review the grant of summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). To prevail on a traditional summary judgment motion, the movant is required to establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).[1] We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Eagle Oil & Gas*, 619 S.W.3d at 705. Once the movant establishes a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016).

We cannot reverse a summary judgment on grounds not presented to the trial court. *Bertucci v. Watkins*, 709 S.W.3d 534, 545 (Tex. 2025); *see* TEX. R. CIV. P. 166a(c) ("Issues not presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). A nonmovant must, in its written response, "expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and

---

[1] All references to Texas Rule of Civil Procedure 166a are to the version of the rule in effect prior to March 1, 2026, when recent amendments to the rule became effective. *See* TEX. R. CIV. P. 166a.

failing to do so, may not later assign them as error on appeal." *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex. 1979).

### Summary Judgment Evidence

The only summary judgment evidence before the trial court was the evidence attached to the Faulkners' summary judgment motion. Although O'Keefe attached evidence to its summary judgment response—a revised survey—the trial court sustained the Faulkners' evidentiary objection to this evidence.

1. Opportunity to Cure

In its appellate briefing, O'Keefe does not complain about the propriety of the trial court's ruling sustaining the Faulkners' evidentiary objection and excluding the evidence attached to its response; instead, O'Keefe complains the trial court erred by not affording it an opportunity to cure the defects in its summary judgment evidence. As support for this complaint, O'Keefe cites rule 166a(f). *See* TEX. R. CIV. P. 166a(f) ("Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.").

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a). Generally, we are unable to review matters not presented to the trial court. *Id*. When a summary judgment movant objects to summary judgment evidence proffered by the nonmovant, the burden is on the nonmovant to request relief under rule 166a(f), including asking for a continuance or the opportunity to cure any formal defects in the nonmovant's summary judgment evidence. *Birmingham-Queen v. Whitmire*, No. 04-05-00646-CV, 2006 WL 1539587, at *2 (Tex.

App.—San Antonio June 7, 2006, no pet.); *Coleman v. Woolf*, 129 S.W.3d 744, 750 (Tex. App.—Fort Worth 2004, no pet.).

Here, nothing in the record shows that O'Keefe asked the trial court for a continuance or the opportunity to cure the defects in its summary judgment evidence. Thus, we conclude this complaint is not properly preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Whitmire*, 2006 WL 1539587, at *2 ("By not taking any action in the trial court to indicate that they desired the opportunity to correct the defects in their summary judgment evidence, the Children failed to preserve this issue for our review.").

2. Evidence Attached to Motion for Reconsideration

After the trial court granted summary judgment, O'Keefe filed a motion to reconsider the summary judgment ruling against it. Attached to O'Keefe's motion to reconsider was a revised survey and a supporting business record affidavit. After granting summary judgment, the trial court has no obligation to consider further motions on issues adjudicated by the summary judgment. *See Southside Partners v. Collazo Enters., LLC*, No. 11-16-00346-CV, 2018 WL 6729732, at *3 (Tex. App.—Eastland Dec. 21, 2018, no pet.); *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 650–51 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Here, nothing in the record indicates the trial court considered the motion to reconsider and the revised survey attached to it. Therefore, we may not consider the revised survey in conducting our summary judgment review. *See Southside Partners*, 2018 WL 6729732, at *3; *Macy*, 294 S.W.3d at 650–51.

***Analysis***

The law recognizes various types of easements. *See Townsend v. Hindes*, 619 S.W.3d 763, 771 (Tex. App.—San Antonio 2020, no pet.) (easement by necessity); *Minihan v. O'Neill*, No. 04-18-00847-CV, 2020 WL 444381, at *3 (Tex. App.—San Antonio Jan. 29, 2020, no pet.) (express

easement); *Horne v. Ross*, 777 S.W.2d 755, 757 (Tex. App.—San Antonio 1989, no writ) (recognizing easements may be created by a writing or "without a writing by dedication, estoppel or implication."). The type of easement at issue in this case is an express easement created by the "Declaration of Easements, Restrictions, Covenants and Conditions for Creekwood Park Subdivision Phase IV" filed in the deed records in 1989. *See Minihan*, 2020 WL 444381, at *3 (noting express easements are created by a writing). Courts interpret express easements according to basic principles of contract construction and interpretation. *Marcus Cable Assocs. L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002); *Minihan*, 2020 WL 444381, at *3. "The starting point of any exercise in easement construction is the same as for contract construction: the easement's plain language." *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 689 (Tex. 2020). Unless otherwise specifically defined, the language in the writing must be given its plain, ordinary, and generally accepted meaning. *Marcus Cable*, 90 S.W.3d. at 701. The scope of the easement is determined by the intent of the parties as expressed in the terms of the grant. *Id*. at 700-01 (citing *DeWitt Cty. Elec. Co-op, Inc. v. Parks*, 1 S.W.3d 96, 103 (Tex. 1999)); *see* RESTATEMENT (THIRD) OF PROPERTY (SERVITUDES) § 4.1 (providing that easement "should be interpreted to give effect to the intention of the parties ascertained from the language used in the instrument, or the circumstances surrounding creation of the servitude, and to carry out the purpose for which it was created").

An easement created by an express grant must be described with such certainty that a surveyor could go upon the land and locate the easement from the description. *Robles v. Mann*, No. 13-14-00211-CV, 2016 WL 1613316, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 21, 2016, no pet.). "The grant must furnish, within itself or by reference to other identified writings then in existence, means or data by which the servient estate may be identified with certainty." *Id*.

When the writing creating an express easement is susceptible to only one reasonable, definite interpretation after applying established rules of contract construction, we construe it as a matter of law even if the parties offer different interpretations of the easement's terms. *Marcus Cable*, 90 S.W .3d. at 703. "If the easement's terms are ascertainable and can be given legal effect, courts will not supplant the easement's express terms with additional terms nor consult extrinsic evidence to discern the easement's meaning." *Lynch*, 595 S.W.3d at 689; *see PDS Acquisition, Corp. v. KDHM, LLC*, No. 04-24-00358-CV, 2025 WL 984609, at *3 (Tex. App.—San Antonio Apr. 2, 2025, pet. denied) ("In construing a contract, we must ascertain and give effect to the parties' intentions as expressed within the four corners of the agreement.").

O'Keefe argues the trial court misconstrued the express easement in the Declaration, asserting that the language in the Declaration does not specify where the easement "was to be placed." We disagree. The summary judgment evidence includes a certified copy of a document titled, "Declaration of Easements, Restrictions, Covenants and Conditions for Creekwood Park Subdivision Phase IV." The Declaration identifies the declarant as K.R.J. Associates, the owner of the land known as Creekwood Park Subdivision Phase IV. Section 2.05 of the Declaration, titled "Easements," provides: "[T]here is hereby created a (40) foot private, non-exclusive ingress and egress easement, *said easement being 40 feet in width, along and parallel to US Highway 181*, which easement is to be utilized by all the owners of lots surrounding Highway 181 for access to and from Highway 181." (Emphasis added). After applying established rules of contract construction, we conclude that the easement's terms are ascertainable and can be given legal effect. The Declaration furnishes within itself the means or data by which the servient estate may be identified with certainty. *See Robles*, 2016 WL 1613316, at *2. Contrary to O'Keefe's argument,

the description of easement in the Declaration is definite and certain upon the face of the instrument so that a surveyor could go upon the land and locate the easement from the description. *See id.*

Additionally, the summary judgment evidence established that a surveyor was able to locate the easement from the description in the Declaration. The survey attached to the Faulkners' summary judgment motion shows that Lot 92 runs "along and parallel to US Highway 181." After construing the terms and the plain language of the ingress and egress easement created in the Declaration, we conclude that the easement burdens Lot 92.

In its summary judgment response, O'Keefe argued that the Faulkners' own evidence created a material fact issue because the subdivision plat they submitted in support of their summary judgment motion does not show that the easement extends across Lot 92. But the subdivision plat is not determinative here. This is not a situation where the easement was created by reference to or incorporation of the subdivision plat. Instead, the easement was created by the Declaration, and the scope of the easement is defined by the plain language of the Declaration. The language of the Declaration describes the easement independent of and without any reference to the subdivision plat.[2] Moreover, the language in the subdivision plat is entirely consistent with the language in the Declaration. The subdivision plat states: "Note: There is hereby created a 40[-]foot private, non-exclusive ingress and egress easement, *said easement being along and parallel to U.S. Hwy. 181*, which easement to be utilized by all the owners of lots surrounding HWY. 181 for access to and from Hwy. 181." (Emphasis added).

---

[2]Although the subdivision plat and the Declaration were not recorded simultaneously, they were recorded close in time. The subdivision plat was approved by the owner on September 20, 1989; approved by the County Judge and Commissioners on September 25, 1989; and recorded in the county deed records on the same day. The Declaration was executed by the owner on September 25, 1989; filed with the county clerk on October 2, 1989; and recorded in the county deed records on October 10, 1989.

O'Keefe finally argues the trial court erred in granting summary judgment because the easement was abandoned as a matter of law and is therefore unenforceable. Abandonment is in the nature of an affirmative defense. *El Caballero Ranch, Inc. v. Grace River Ranch, L.L.C.*, No. 04-16-00298-CV, 2018 WL 3369958, at *5 (Tex. App.—San Antonio July 11, 2018, no pet.). To defeat summary judgment by raising an affirmative defense, the nonmovant must not only plead the defense but must also produce evidence raising a genuine issue of material fact on each element of the defense. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist] 2014, no pet.).

To establish common law abandonment of an easement, a party must show intent to abandon and acts of relinquishment. *See Jesus Christ Open Altar Church, LLC v. City of Hawkins*, No. 12-17-00090-CV, 2017 WL 6523088, at *2 (Tex. App.—Tyler Dec. 21, 2017, no pet.); *Maples v. Henderson Cty.*, 259 S.W.2d 264, 267 (Tex. App.—Dallas 1953, writ ref'd n.r.e.). Intent to abandon may be inferred from the parties' conduct. *City of Hawkins*, 2017 WL 6523088, at *2; *Maples*, 259 S.W.2d at 267. The circumstances must disclose some definite act showing an intention to abandon and terminate the right possessed by the easement owner. *R2 Restaurants, Inc. v. Mineola Cmty. Bank, SSB*, 561 S.W.3d 642, 654 (Tex. App.—Tyler 2018, pet. denied); *Toal v. Smith*, 54 S.W.3d 431, 437 (Tex. App.—Waco 2001, pet. denied).

O'Keefe did not plead abandonment in its answer. Nor did it present abandonment in its summary judgment response and produce evidence raising a genuine issue of material fact on each of the elements of abandonment. We reject O'Keefe's argument that the trial court erred in granting summary judgment because the easement was abandoned.

Because the summary judgment evidence conclusively established that Lot 92 was burdened by the express easement created in the Declaration, the trial court properly granted summary judgment in favor of the Faulkners.

## CONCLUSION

The trial court's judgment is affirmed.

Adrian A. Spears II, Justice